Arno WEBER, Appellant,

v.

STATE of Alaska, Peter Michalski,
William Morse, and Venable
Vermont, Appellees.

No. S–12270.

Supreme Court of Alaska.

Sept. 7, 2007.

Arno Weber, pro se, Anchorage.

David D. Floerchinger, Assistant Attorney General, Anchorage, and David W. Márquez, Attorney General, Juneau, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I.  INTRODUCTION

This is the fourth iteration of a pro se prisoner's complaint against the state arising out of an incident in which the prisoner alleges that he was stabbed in the eye by another inmate.  The superior court determined that the prisoner was barred by *res judicata* from bringing the litigation.  Because *res judicata* applies to the majority of the prisoner's claims, and because his new claim, which sought to add three named defendants, including two superior court judges and the assistant attorney general, is barred

by judicial immunity and failure to state a claim, we affirm the superior court's dismissal of the inmate's complaint.

## II.  FACTS AND PROCEEDINGS

Arno Weber claims that while he was incarcerated at Cook Inlet Pretrial Facility on May 20, 1998, he was stabbed in the eye by a fellow inmate.  In May 2001 Weber filed his first complaint[1] involving this incident against the state in case number 3AN–00–1295, seeking "punitive and compensatory damages for intentional and negligent infliction of emotional distress and permanent physical injury" ("first lawsuit").  Shortly thereafter, Superior Court Judge Peter A. Michalski dismissed Weber's complaint on the grounds that it was filed beyond the applicable two-year statute of limitations provided in AS 09.10.070(a)(2).

Weber appealed to this court.  We issued a memorandum opinion and judgment (MO & J) in May 2002 affirming the superior court's dismissal.[2]  We concluded that the superior court did not err in refusing to apply the ten-year statute of limitations provided for criminal prosecutions in AS 12.10.010 to Weber's claim because he had filed a civil suit, and that the statute of limitations commenced on the date of Weber's alleged injury.

In April 2004 Weber filed a second complaint, case number 3AN–04–6659 ("second lawsuit").  Weber alleged that his case should not be dismissed because he claimed he had been diagnosed with schizophrenia, which tolled the statute of limitations under AS 09.10.140(a).  In July 2004 Superior Court Judge William F. Morse dismissed the second lawsuit for failure to state a claim, concluding that Weber had previously litigated the basic assault claim (which was resolved by judgment in the first case), and that "[a]ny additional claims to be found" were barred by the statute of limitations.  Judge Morse rejected Weber's claim that the statute of limitations should be tolled.  Weber did not appeal the dismissal.

---

**1.** Weber's initial attempt to file a complaint in December 2000 was rejected.

**2.** *Weber v. State,* Mem. Op. & J. No. 1079, 2002 WL 1204171 (Alaska May 29, 2002).  Weber's

first complaint is not included in the record, and discussion of its contents is drawn from our May 2002 MO & J.

Weber then filed a third complaint in May 2005, case number 3AN–05–7937 ("third lawsuit"). Judge Morse recognized that Weber's third complaint was "identical" to his second one and in July 2005 dismissed the complaint on the grounds that the litigation was barred as a result of the previous judgment.

On July 7, 2005, Weber then filed a fourth complaint which is the underlying subject of this appeal ("fourth lawsuit"). This complaint named three additional individual defendants: Judge Michalski (who dismissed the first lawsuit), Judge Morse (who dismissed the second and third lawsuits), and Assistant Attorney General Venable Vermont (who defended the state in the first, second, and third lawsuits). The state filed a motion to dismiss pursuant to Alaska Civil Rule 12(b)(6). After Weber filed a one-page document which he titled a "motion for summary judgment" in October 2005, the state informed the court that no response was necessary to Weber's motion and requested that the court dismiss Weber's claims.

In March 2006 Superior Court Judge Craig F. Stowers rejected Weber's motion for summary judgment, dismissed Weber's complaint on the grounds of *res judicata*, and ordered Weber to post a $5,000 bond with the clerk of court in the event he attempted to file another complaint alleging injuries arising out of the stabbing incident. A final judgment was entered by Judge Stowers on April 24, 2006. Weber appeals the dismissal of his complaint.[3]

### III. STANDARD OF REVIEW

We review a superior court's dismissal under Alaska Civil Rule 12(b)(6) *de novo*, "deeming all facts in the complaint true and provable."[4] In order to survive a Rule 12(b)(6) motion to dismiss, a complaint need only show "a set of facts consistent with and appropriate to some enforceable cause of action."[5]

■ Whether *res judicata* precludes a plaintiff from bringing an action is a question of law that we review *de novo*.[6]

■ The applicability and scope of immunity is a question of law to which we apply our independent judgment.[7]

### IV. DISCUSSION

#### A. *Res Judicata* Bars Weber's Claims from His Previous Complaints.

■ Three of Weber's arguments on appeal attempt to obtain substantive review of the previous court orders dismissing Weber's prior lawsuits. Weber contends on appeal that the superior court erred in its most recent order by: (1) improperly dismissing his complaint because his schizophrenia tolled the statute of limitations; (2) disregarding AS 12.10.010 and refusing to find that Weber was entitled to a ten-year statute of limitations; and (3) determining that the statute of limitations commenced on the day of the stabbing. Weber's fourth allegation contends that even if his complaint was untimely, he remains entitled to compensation. The state asserts that each of Weber's claims was properly dismissed on the grounds of *res judicata*.

■ Once a judgment on the merits of an action has been entered, *res judicata* applies to bar relitigation of later claims between the same parties on the claims that could have been brought in the first proceeding.[8] *Res judicata* will apply to bar a subsequent action where: "(1) a court of competent jurisdiction, (2) has rendered a final

---

**3.** Weber declined to appeal the imposition of a $5,000 cost bond.

**4.** *McGrew v. State, Dep't of Health & Social Servs., Div. of Family & Youth Servs.,* 106 P.3d 319, 322 (Alaska 2005) (internal quotation omitted).

**5.** *Odom v. Fairbanks Mem'l Hosp.,* 999 P.2d 123, 128 (Alaska 2000) (internal quotation omitted).

**6.** *Alaska Wildlife Alliance v. State,* 74 P.3d 201, 205 (Alaska 2003).

**7.** *Aspen Exploration Corp. v. Sheffield,* 739 P.2d 150, 154 (Alaska 1987).

**8.** *Calhoun v. Greening,* 636 P.2d 69, 72 (Alaska 1981).

judgment on the merits, and (3) the same cause of action and same parties or their privies were involved in both suits."[9] The doctrine implements the "generally recognized public policy" that there must be some final and conclusive end to litigation.[10]

Weber does not dispute on appeal that the courts that rendered the previous judgments dismissing his prior complaints were of competent jurisdiction, or that the court's previous rulings on the issues are final judgments. Moreover, because Weber's fourth complaint is a near-verbatim recitation of his second and third complaints, the same cause(s) of action were clearly involved in both suits: indeed, Weber concedes that "the complaint is identical because 95% of it has never been addressed in open court" and states that he "keeps filing the same complaint because they keep ignoring the claims." Weber's claims are thus squarely barred by *res judicata*.[11]

■ Weber's remaining argument on appeal is that he should be compensated for damages "even in the event that his suit is untimely." He provides no legal basis or support for this claim. And as noted above, *res judicata* precludes not only relitigation of claims raised in the first proceeding, but also claims arising from the same transactions.[12] A prior judgment extinguishes all claims including "rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction ... out of which the action arose."[13] To the extent that there could be any conceivable legal basis for Weber's damages claim, it clearly arose out of the same transaction (Weber's alleged stabbing) and is thus properly barred.

## B. Weber's New Claim Against the Three Named Defendants Is Also Barred.

■ Weber's fourth complaint is different in two material respects from his previous three, in that he added three individually named defendants—Judge Michalski (who dismissed Weber's first complaint), Judge Morse (who dismissed the second and third complaints), and Assistant Attorney General Vermont—and he added a new claim. Weber's new claim, pertaining to the individual named defendants, states: "Defendants have engaged in obstruction of justice. Not only do they know about the crime and stubbornly refuse to assist in its prosecution, they have engaged in retribution against Plaintiff for trying to attain basic, fair justice." To the extent that Weber alleges "obstruction of justice," this allegation may properly be construed as an abuse of process claim.[14] A party alleging an abuse of process claim must prove that the defendant used legal process "for an end other than that which it was designed to accomplish."[15]

The superior court dismissed Weber's complaint without discussion of Weber's new claim or the addition of the three new named defendants. But because Weber's new claim is barred as a result of judicial immunity and for failure to state a cause of action, we conclude that the superior court did not err in dismissing Weber's fourth complaint.

### 1. Judicial immunity precludes Weber's claims against Judge Morse and Judge Michalski.

■ Judicial immunity protects judges from liability for their judicial acts, and hence a judge will only be liable if the judge's actions were not "judicial" or were outside of

**9.** *DeNardo v. Municipality of Anchorage,* 775 P.2d 515, 517 (Alaska 1989).

**10.** *Nelson v. Jones,* 787 P.2d 1031, 1033 (Alaska 1990) (quotation omitted).

**11.** As we explain below in Part IV. B., although Weber has added a new claim to his fourth action that involves three new parties, namely an assistant attorney general and two new judges, the new claim was properly dismissed on grounds other than *res judicata*.

**12.** *White v. State, Dep't of Natural Res.,* 14 P.3d 956, 959 (Alaska 2000).

**13.** *Nelson v. Jones,* 787 P.2d 1031, 1033–34 (Alaska 1990) (internal quotation omitted).

**14.** *DeNardo v. Calista Corp.,* 111 P.3d 326, 331 (Alaska 2005) (noting court's lenient interpretation of pro se litigant's pleadings).

**15.** W. KEETON & W. PROSSER, THE LAW OF TORTS § 121 (5th ed.1984); *see Kollodge v. State,* 757 P.2d 1024, 1026 (Alaska 1988).

the judge's subject matter jurisdiction.[16] No allegation was made, nor is there any evidence which would support the contention, that either judge acted outside of his judicial capacity in dismissing Weber's complaints. Indeed, the only action Weber complains of pertains to the judges' substantive decisions to dismiss his complaints, decisions which are properly within the scope and are a routine exercise of a judge's jurisdiction and authority. Weber's claims against both judges are therefore barred by judicial immunity. Although the superior court did not explicitly base its decision on these grounds, we may affirm on them.[17]

### 2. Weber's claim against Assistant Attorney General Vermont is barred for failure to state a claim.

Weber's abuse of process claim against Assistant Attorney General Vermont is also barred for failure to allege any facts that would give rise to an abuse of process claim.[18] An abuse of process claim requires two distinct elements: "first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding." [19] In other words:

[A]n action for abuse of process is intended to prevent parties from using litigation to pursue objectives other than those claimed in the suit, such as using a court's process as a weapon to compel another party to pay a different debt or to take some action or refrain from it. Thus the essence of a cause of action for abuse of process is a perversion of the process to accomplish some improper purpose.[20]

Weber, however, points to no "act" to support his claim, instead making a general allegation that defendants "know about the crime and stubbornly refuse to assist in its prosecution," and that "they have engaged in retribution against [Weber] for trying to attain basic, fair justice." The only "willful act" implicit in his allegation is the motion to dismiss Weber's repeated complaints. But in *Meidinger v. Koniag*[21] we held that "actions taken in the regular course of litigation ... cannot be a proper basis for an abuse of process claim." [22] Vermont's action of filing a motion to dismiss a complaint initiated by Weber is a routine step taken in the course of litigation and in no way can be construed as an invalid use of the judicial process.[23] Weber's allegations therefore fail to make out a cognizable abuse of process claim.[24]

## V. CONCLUSION

Because the superior court did not err in dismissing Weber's suit on grounds of *res judicata*, and because Weber's new claim against the three individually named defen-

---

**16.** *DeNardo v. Michalski*, 811 P.2d 315, 316 (Alaska 1991) (holding that only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of judicial immunity).

**17.** This court can affirm a judgment on alternative grounds not relied on by the superior court. *Marshall v. First Nat'l Bank Alaska*, 97 P.3d 830, 835 (Alaska 2004).

**18.** We do not decide whether Weber's abuse of process claim is barred by claim preclusion or *res judicata*. It is unclear whether Weber's abuse of process claim arose out of the same transaction as Weber's previous cause of action or whether it commenced only upon dismissal of his complaint(s). *See Hall v. Tucker*, 161 Ohio App.3d 245, 829 N.E.2d 1259, 1272 (2005) (concluding abuse of process claim not barred by claim preclusion because it arose from events occurring during course of underlying litigation); *Executive Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 963 P.2d 465, 478 (1998) (holding claim preclusion to be inapplicable because abuse of process claim not necessarily and actually litigated during first proceeding).

**19.** *Kollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1988) (internal quotations omitted).

**20.** 1 Am.Jur.2d *Abuse of Process* § 1 (2005) (footnotes omitted).

**21.** 31 P.3d 77 (Alaska 2001).

**22.** *Id.* at 86.

**23.** *See Caudle v. Mendel*, 994 P.2d 372, 376 (Alaska 1999) (holding that filing interim motion to evict allegedly abusive spouse acceptable objective in divorce proceeding).

**24.** *See Meidinger*, 31 P.3d at 86 (holding that second element "contemplates some overt act and therefore 'the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a basis for an abuse of process action' ") (quoting *DeNardo v. Michalski*, 811 P.2d 315, 317 (Alaska 1991)).

dants is barred on the grounds of judicial immunity and for failure to state a claim upon which relief can be granted, we AFFIRM the dismissal.