NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| WALTER J. KURKA, | ) | |
| | ) | Supreme Court No. S-14522 |
| Appellant, | ) | |
| | ) | Superior Court No. 3HO-11-00178 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1443 - November 21, 2012 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Homer, Charles T. Huguelet, Judge.

Appearances: Walter J. Kurka, pro se, Homer, Appellant. Mark Cucci, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Carpeneti, Winfree, and Stowers, Justices.

## I.    FACTS AND PROCEEDINGS

Walter Kurka contacted the Alaska State Troopers to report items missing from his business office and job site. He told Trooper John Probst that a former employee had stolen several items from the business. Probst later criminally charged

---

\*    Entered under Appellate Rule 214.

Kurka with making a false report in violation of AS 11.56.800.[1]  While the criminal charge was pending, Kurka filed a civil suit against the State of Alaska, alleging defamation as well as federal constitutional violations under 42 U.S.C. § 1983.[2]

In the civil case Kurka moved to expunge the criminal charge from his record; the superior court did not rule on this motion.  The State moved to dismiss the civil suit, arguing that it was immune from Kurka's claims.  While the motion to dismiss the civil suit was pending, the State dismissed the criminal charge against Kurka without prejudice under Alaska Criminal Rule 43(a).[3]

Kurka opposed the State's motion to dismiss the civil suit and moved to amend his complaint to add two individual defendants:  (1) Probst, the Alaska State Trooper who investigated Kurka's allegations and filed the criminal charge; and (2) Benjamin Jaffa, the assistant district attorney who handled the criminal case.  The proposed amended complaint alleges state law malicious prosecution and defamation

---

[1]    AS 11.56.800 provides in relevant part that "[a] person commits the crime of false information or report if the person knowingly . . . gives false information to a peace officer with the intent of implicating another in an offense; or . . . makes a false report to a peace officer that a crime has occurred or is about to occur."

[2]    That section provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2006).

[3]    Rule 43(a) provides that "[t]he prosecuting attorney may file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate."

claims for filing a knowingly false criminal charge. It also asserts federal constitutional claims under § 1983 for failing to thoroughly investigate Kurka's initial complaint against his former employee, filing the criminal charge, and failing to timely withdraw the charge or dismiss the prosecution. Kurka later "concede[d] to dismissing the State" as a defendant, but asked the court to grant his motion to add Probst and Jaffa as defendants. The State did not oppose Kurka's motion to amend his complaint.

The superior court granted the State's motion to dismiss, reasoning that under AS 09.50.250(3)[4] the State was immune from the defamation and false reporting claims and that under federal law the State could not be sued under § 1983. In the same order, the court denied Kurka's motion to amend, stating that "[a]llowing the amendment would be futile as Trooper Probst and . . . Jaffa enjoy official immunity."

Kurka appeals.

## II. DISCUSSION

### A. The Motion To Amend

Alaska Civil Rule 15(a) provides that a party may amend a complaint to which a responsive pleading has been filed only by leave of court or by the adverse party's written consent. Leave of court "shall be freely given when justice so requires."[5] "But we have held that if an amendment would be futile because it advances a claim or

---

[4] AS 09.50.250(3) provides in relevant part that "an action may not be brought [against the State] if the claim . . . arises out of . . . libel, slander, misrepresentation, [or] deceit."

[5] Alaska R. Civ. P. 15(a); *see also Ruckle v. Anchorage Sch. Dist.*, 85 P.3d 1030, 1039 (Alaska 2004) ("We have long held that leave to amend a pleading should be freely given and that, absent a showing that the amendment would have resulted in injustice, a trial court will be found to have abused its discretion in denying a motion to amend." (citing *Estate of Thompson v. Mercedes-Benz, Inc.*, 514 P.2d 1269, 1271 (Alaska 1973))).

defense that is legally insufficient on its face, it is appropriate . . . to deny leave to amend."[6]  "We consider with independent judgment whether a proposed amended complaint could survive dismissal; if we conclude that it could not, we will hold that the superior court did not abuse its discretion by denying the motion for leave to amend."[7]

A complaint is subject to dismissal when it fails to state a "viable claim";[8] however, because such motions are disfavored, "[a] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[9]  A complaint is also subject to dismissal if an affirmative defense appears clearly on the face of the pleading.[10]  In other words, "the claim is adequately stated, but in addition to the claim the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim."[11]

Kurka argues that the superior court erred in denying his motion to amend because he set forth claims for relief.  As we noted earlier, Kurka pleads state law claims for malicious prosecution and defamation as well as federal constitutional claims.  The

---

[6]  *Krause v. Matanuska-Susitna Borough*, 229 P.3d 168, 176-77 (Alaska 2010) (quoting *Hallam v. Alaska Airlines, Inc.*, 91 P.3d 279, 287 (Alaska 2004)) (internal quotation marks omitted).

[7]  *Id.* at 177 (citations omitted).

[8]  *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 672 (Alaska 2002) (Bryner, J., dissenting).

[9]  *Id.* at 672-73 (quoting *Shooshanian v. Wagner*, 672 P.2d 455, 461 (Alaska 1983)) (internal quotation marks omitted).

[10]  *Aspen Exploration Corp. v. Sheffield*, 739 P.2d 150, 152 (Alaska 1987) (citations omitted).

[11]  *Id.* (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 606 (1969)).

superior court denied Kurka's motion to amend his complaint because "[a]llowing the amendment would be futile as Trooper Probst and . . . Jaffa enjoy official immunity." The court reasoned that "[t]heir actions of investigating, reporting, and prosecuting are within their scope of employment" and there was no evidence that Probst or Jaffa acted with malice, corruption, or bad faith. It therefore appears the court recognized that Kurka set forth claims for relief, but concluded that the defendants were entitled to qualified immunity.[12]

We cannot see how the superior court could make a qualified immunity determination from the face of Kurka's complaint, which alleges intentional torts. Kurka was not required to present evidence to oppose a motion to dismiss; his allegations were sufficient. The State appears to have recognized this when it failed to oppose Kurka's motion to amend his complaint.[13]

There may be reasons why on its face Kurka's complaint fails to state a claim for relief, but those reasons do not include qualified immunity and they are not before us. For example, the State invites us to adopt absolute immunity for prosecutors;[14] we also have recognized an absolute defamation privilege for statements made during

---

[12]     *See Pauley v. Anchorage Sch. Dist.*, 31 P.3d 1284, 1286 (Alaska 2001) ("[D]iscretionary function official immunity is qualified. 'Under a rule of qualified immunity, a public official is shielded from liability only when discretionary acts within the scope of the official's authority are done in good faith and are not malicious or corrupt.' " (citations omitted) (quoting *Aspen*, 739 P.2d at 158)).

[13]     *See Larson v. State, Dep't of Corr.*, 284 P.3d 1, 8 (Alaska 2012) (concluding, where State moved to dismiss § 1983 claim for naming wrong defendant but did not challenge substance of arguments, it was error to dismiss on merits without allowing pro se plaintiff to amend complaint).

[14]     *See, e.g.*, *Malley v. Briggs*, 475 U.S. 335, 342 (1986) (stating common law rule that prosecutors are absolutely immune from malicious prosecution claims).

judicial proceedings.[15] Further, it is unclear what specific federal constitutional provision Kurka claims was violated for his § 1983 claim or what federal immunities might apply.[16] But under the circumstances of this case and Kurka's status as a pro se litigant, procedural fairness requires that these issues be raised in the superior court where he can have a full and fair opportunity to address them. We decline to reach these issues on the briefing before us.

We therefore reverse the superior court's denial of Kurka's motion to amend and remand for further proceedings.

**B.     The Motion To Expunge**

Kurka argues the superior court erred in ignoring its authority to expunge his record of the criminal charge. We have stated that "even if Alaska courts have inherent authority to expunge, judicial expungement of criminal records should be an exceptional or extraordinary remedy rather than a generally available one."[17] Kurka's motion to expunge states that he does not want the "false" criminal charge "to tarnish his exemplary record." This argument seems facially insufficient to warrant the extraordinary remedy of expungement, but because we are remanding to allow Kurka to amend his complaint and further proceedings will ensue, we leave it to the superior court to first consider Kurka's expungement motion in light of the further proceedings.

**C.     Other Issues**

Kurka raises the question whether he may sue the superior court judge

---

[15]     *MacDonald v. Riggs*, 166 P.3d 12, 16 n.8 (Alaska 2007) (citing *Lawson v. Helmer*, 77 P.3d 724, 727-28 (Alaska 2003)).

[16]     *See, e.g.*, *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-44 (2009) (discussing scope of prosecutorial immunity from § 1983 claims).

[17]     *Farmer v. State, Dep't of Law, Office of the Att'y Gen.*, 235 P.3d 1012, 1015 (Alaska 2010).

under AS 11.76.110.[18] That issue is not before us, but we note that judges generally are protected by absolute judicial immunity.[19] Kurka also argues in his reply brief that the superior court erred in granting the State's motion to dismiss, despite his having conceded in the superior court that the motion to dismiss was legally correct and despite his having failed to raise the issue as a point on appeal. Because Kurka mentions this issue for the first time in his reply brief, his claim of error on this point is waived.[20]

## III. CONCLUSION

We REVERSE the superior court's denial of Kurka's motion to amend his complaint and REMAND for further proceedings.

---

[18] AS 11.76.110(a)(3) provides "[a] person commits the crime of interference with constitutional rights if . . . under color of law . . . the person intentionally deprives another of a right . . . granted by the constitution or laws of this state."

[19] *See Larson v. State*, 254 P.3d 1073, 1077 (Alaska 2011) ("Judicial immunity protects judges from liability for their judicial acts, and hence a judge will only be liable if the judge's actions were not 'judicial' or were outside of the judge's subject matter jurisdiction." (quoting *Weber v. State*, 166 P.3d 899, 902-03 (Alaska 2007))).

[20] *See Hymes v. DeRamus*, 222 P.3d 874, 887 (Alaska 2010) ("[I]ssues not argued in opening appellate briefs are waived. This rule applies equally to pro se litigants." (citing *Shearer v. Mundt*, 36 P.3d 1196, 1199 (Alaska 2001); *Gilbert v. Sperbeck*, 126 P.3d 1057, 1061 (Alaska 2005))).