NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RICHARD GREEN, | ) | |
| | ) | Supreme Court No. S-18149 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-20-00594 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| PHUONG HOANG DINH, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1970 – June 7, 2023 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen and Jonathan A. Woodman, Judges.

Appearances: Richard Green, pro se, Wasilla, Appellant. Davyn Williams, Alaska Legal Services Corp., Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I. INTRODUCTION

Divorcing parents shared physical custody of their children until concerns arose that the father had abused one of the children. The Office of Children's Services (OCS) successfully petitioned for temporary custody of the children and placed the children with their mother. The father then filed a petition for a domestic violence protective order (DVPO) on behalf of himself and the children, against the mother. The

---

\* Entered under Alaska Appellate Rule 214.

superior court dismissed the father's petition made on his own behalf. It determined that the father failed to allege any acts of domestic violence against himself, and further concluded that any remaining allegations had already been raised in a previous DVPO case and were therefore precluded from consideration in the new DVPO hearing. Because the father's petition did allege acts of domestic violence against him, we reverse the superior court's decision on that issue. Because the question of preclusion requires analysis of what claims had been decided and which issues had been fully litigated in the context of prior litigation, we vacate the superior court's ruling on that issue. The case is remanded to the superior court for further consideration and proceedings consistent with this decision.

## II.    FACTS AND PROCEEDINGS

At the time of this appeal Richard Green and Phuong Dinh, parents of four children together, were in the process of divorcing. Green had previously filed at least two DVPO petitions against Dinh on behalf of his children, and one previous petition on his own behalf. Both petitions were ultimately denied, with the most recent denial occurring at the conclusion of a hearing on February 18, 2020.

In early September 2020, after investigating allegations that the father had abused one of the children, OCS filed a non-emergency petition to adjudicate the children in need of aid. Over Green's objection, the court made provisional findings that the children were in need of aid and awarded OCS temporary custody. OCS placed the children with Dinh.

Later that month Green filed a third DVPO petition against Dinh. This petition, similar to one of his earlier petitions, was filed on behalf of all four children and himself. The petition included allegations of a variety of threats, comments, and actions by Dinh. The petition alleged that Dinh repeatedly threatened to either keep the children from Green or harm the children if Green did not comply with her demands. This

included an allegation that "Dinh held the children as hostages . . . after multiple written threats to hurt the children if [Green] did not get her a green card." Green also recounted alleged statements by the children that their mother hit and threatened them.

Dinh filed a motion to dismiss Green's petition. She argued that (1) Green did not have legal custody of the children at the time he filed the petition and thus had no authority to bring the petition on their behalf, and (2) that his claims against her had been previously litigated and were therefore barred. She contended that Green had "presented the same allegations in [a prior case] and his petitions were denied," and that he filed a second petition later which was also denied. Green opposed the motion to dismiss, arguing that this petition alleged new issues.

At a continued hearing in mid-October, the superior court indicated that it would not address the DVPO petition until the Child In Need of Aid (CINA) probable cause proceedings had concluded. Once the court concluded the CINA probable cause hearing, Dinh filed another motion to dismiss Green's DVPO petition. She argued that the petition "fail[ed] to allege any acts of domestic violence committed against Mr. Green," and that prior court orders from 2019 and 2020 collaterally estopped Green's pursuit of the current allegations.

The superior court issued an order granting Dinh's motion to dismiss the petition that Green brought on his own behalf. The court stated that "[w]hile Mr. Green makes extensive allegations regarding Ms. Dinh's treatment of their children, Mr. Green does not allege a single crime of domestic violence committed by Ms. Dinh against him." The court did not specifically discuss any of Green's allegations beyond noting that Dinh's alleged threat to make an OCS report against Green is not a crime of domestic violence.

Green moved for reconsideration following this order. He argued that "[t]he petition clearly shows multiple acts of domestic violence committed by Ms. Dinh

against Mr. Green." He specifically contended that Dinh committed kidnapping under AS 11.41.300, assault in the third degree under AS 11.41.220(a)(2), criminally negligent homicide of an unborn child under AS 11.41.170, coercion under AS 11.41.530, and extortion under AS 11.41.520. Green also pointed to allegations within his DVPO petition that corresponded with each of the alleged crimes.

The superior court issued an order denying reconsideration and further explained that "Green has already alleged and litigated the majority of his allegations." The court noted that during the course of prior litigation it had held a DVPO hearing on February 18, 2020, and found at that time there was not "sufficient evidence to demonstrate that the respondent (Ms. Dinh) had committed a crime of domestic violence." The court concluded that because "Green had an opportunity to fully and fairly contest the *same* allegations of domestic violence at that hearing, the court will not consider allegations of domestic violence prior to February 18, 2020." Addressing the allegations that occurred after February 18, 2020, the court "found that Mr. Green does not allege that Ms. Dinh committed a crime of domestic violence *against him*."

We previously consolidated this matter with Green's appeal of the superior court's separate dismissal of his domestic violence petition on behalf of his children.[1] We have since deconsolidated the appeals for purposes of decision.[2]

## III.   STANDARD OF REVIEW

"The superior court's decision to grant or deny a protective order is

---

[1]     *Green v. Dinh*, Nos. S-18080/18149 (Alaska Supreme Court Order, Aug. 4, 2021).

[2]     *Green v. Dinh*, Nos. S-18080/18149 (Alaska Supreme Court Order, Aug. 9, 2022).

reviewed for abuse of discretion."[3] But "[w]e review de novo an order dismissing a complaint for failure to state a claim upon which relief can be granted."[4]

Whether claim preclusion applies is "a question of law that we review de novo."[5] Similarly, "[t]he applicability of [issue preclusion] 'is a question of law subject to independent review,' " and we review "de novo whether the elements of issue preclusion are met."[6] However, once the "technical requirements are otherwise satisfied" we review the superior court's decision to apply issue preclusion for abuse of discretion.[7]

## IV. DISCUSSION

### A. The Petition Alleged Acts Of Domestic Violence By Dinh Against Green.

The superior court's initial order granting Dinh's motion to dismiss reasoned that "Green does not allege that Ms. Dinh committed a crime of domestic violence against him or that he needs to be protected from Ms. Dinh." While it may be true that the petition does not allege direct physical acts by Dinh against Green, it does allege acts that fall into the statutory definition of a "crime of domestic violence" against Green.

---

[3] *Vince B. v. Sarah B.*, 425 P.3d 55, 60 (Alaska 2018) (citing *Cooper v. Cooper*, 144 P.3d 451, 454 (Alaska 2006)).

[4] *Caudle v. Mendel*, 994 P.2d 372, 374 (Alaska 1999).

[5] *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013) (quoting *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006)).

[6] *Allstate Ins. Co. v. Kenick*, 435 P.3d 938, 944 (Alaska 2019) (second alteration in original) (quoting *Lane v. Ballot*, 330 P.3d 338, 341 (Alaska 2014)).

[7] *Edna K. v. Jeb S.*, 467 P.3d 1046, 1050 (Alaska 2020) (quoting *Andrea C. v. Marcus K.*, 355 P.3d 521, 526 (Alaska 2015)). "Issue preclusion" is also called "collateral estoppel." Similarly, "claim preclusion" is also known as "res judicata." For clarity, we use only the terms "issue preclusion" and "claim preclusion" here.

The domestic violence protective order statute states that "[a] person who is or has been a victim of a crime involving domestic violence may file a petition . . . against a household member."[8] A "crime involving domestic violence" is defined as an offense or an attempted offense "by a household member against another household member" including any crime under AS 11.41, violation of a protective order, and harassment, among other offenses.[9]

Alaska Statute 11.41 includes, for instance, the offense of coercion. A person commits the crime of coercion if

> the person compels another to engage in conduct from which there is a legal right to abstain . . . by means of instilling in the person who is compelled a fear that, if the demand is not complied with, the person who makes the demand or another may . . . inflict physical injury on anyone, . . . accuse anyone of a crime; . . . cause a public servant to take or withhold action; . . . [or] testify or provide information with respect to a person's legal claim or defense.[10]

Green's petition alleged acts of at least attempted coercion.[11] In particular, Green alleged that on multiple occasions Dinh coerced him, or attempted to coerce him, by threatening to harm the children unless he secured a visa or green card for her. Green indicated that Dinh told him their child would "pay the price" for Green's choices. He claimed that Dinh told him numerous times that she would hurt the children if he did not comply with her demands. Green's petition claims that Dinh said, "[T]he kids will pay

---

[8]     AS 18.66.100(a).

[9]     AS 18.66.990(3).

[10]     Former AS 11.41.530(a) (2020) (amended Jan. 1, 2023).

[11]     Because Green's allegations clearly meet the elements of at least one crime of domestic violence, we do not exhaustively analyze whether his allegations may meet the elements of additional domestic violence crimes.

if you don't get me that card," and that she sent him "multiple written threats to hurt the children if [he] did not get her a green card." Green's allegations that Dinh threatened to harm the children unless Green assisted her with her immigration status support a prima facie case for coercion.[12]

To be clear, we do not address the veracity or credibility of Green's allegations; however, the allegations meet the elements of at least one kind of domestic violence crime, thus requiring a fact-finder to determine their truth or falsity.[13] Since Green did allege at least one type of domestic violence by Dinh against himself, the court erred in dismissing the petition on those grounds.

### B. Preclusion Requires A More Detailed Analysis.

In its order denying Green's motion to reconsider, the superior court further explained its reason for dismissing the part of the petition that alleged instances of domestic violence occurring before a prior February 18, 2020 DVPO hearing. The court stated that Green had "already alleged and litigated the majority of his allegations" and that "[s]ince Mr. Green had an opportunity to fully and fairly contest the *same* allegations of domestic violence at that hearing, the court will not consider allegations of domestic violence prior to February 18, 2020." The court's order on reconsideration appears to rely on either issue or claim preclusion. In either instance, a detailed and fact intensive review is necessary before applying preclusion, particularly in the context of DVPO litigation. The superior court did not adequately conduct that review.

---

[12]     *See, e.g.*, *McGraw v. Cox*, 285 P.3d 276, 279-81 (Alaska 2012) (affirming finding of coercion when, among other things, an ex-boyfriend "threatened to commit suicide and threatened to call OCS to report that [the ex-girlfriend] abused the children").

[13]     In identifying these alleged crimes of domestic violence, we do not exhaustively discuss all of the allegations that may constitute coercion.

## 1.    Issue preclusion

Application of issue preclusion may be appropriate in DVPO proceedings under certain circumstances, but "it requires careful discretion 'tempered by principles of fairness in light of the circumstances of each particular case.' "[14] Superior courts have discretion to apply issue preclusion to bar claims when:  "(1) the party against whom preclusion is sought was a party . . . to the first action; (2) the issue is identical to the issue previously decided; (3) a final judgment on the merits was issued; and (4) the determination of the issue was essential to the final judgment."[15]

In domestic violence matters, issue preclusion applies only to issues actually raised and adjudicated at earlier proceedings.[16] "[T]he test is whether the issue has been 'fully litigated,' " which requires that a court "oversaw 'a full and vigorous contest of the issue.' "[17]  It is not enough that the "prior instances of domestic violence were 'fully disclosed' and had 'informed the case and decisions throughout.' "[18]

Both Green and Dinh were parties to the prior 2018 and February 2020 DVPO actions in which Green petitioned for domestic violence protective orders.  In both cases a final judgment on the merits was issued.

From the record before us, however, we cannot determine whether the

---

[14]    *Edna K. v. Jeb S.*, 467 P.3d 1046, 1051 (Alaska 2020) (quoting *McAlpine v. Pacarro*, 262 P.3d 622, 627 (Alaska 2011)).

[15]    *Id.* The party asserting issue preclusion does not necessarily have to be a party in the previous action.  That is not an issue here, as both parties were present in the previous litigation.

[16]    *Id.* at 1051-52.

[17]    *Id.* at 1052 (first quoting *Borg-Warner Corp. v. Avco Corp.* (*Lycoming Div.*), 850 P.2d 628, 635 (Alaska 1993); and then quoting *McAlpine*, 262 P.3d at 627).

[18]    *Id.*

issues presented in Green's September 2020 petition are *identical* to those issues that were litigated and decided previously. Nor can we determine whether each issue previously raised was "fully litigated" via a "full and vigorous contest."[19] The superior court provides no analysis to that effect. To the contrary, the court states Green had alleged and litigated a "majority" of his new allegations. Issue preclusion is a narrow and specific inquiry, only applicable to prevent litigants from re-litigating specific issues. Dismissal of all issues because a "majority" of the issues have been previously litigated constitutes error.

### 2.     Claim preclusion

The superior court's order on reconsideration also relied on the fact that the court had "held a long-term domestic violence protective order hearing on February 18, 2020" and that at that time it "did not find that there was sufficient evidence to demonstrate that [Dinh] . . . had committed a crime of domestic violence and dismissed the petition." The court reasoned that Green had an opportunity to fully and fairly contest any then-existing allegations of domestic violence at the February 18, 2020 hearing and that, as a result, it would "not consider allegations of domestic violence prior to" that date. These statements appear to apply claim preclusion to bar litigation of any instance of domestic violence that occurred prior to the February 18 hearing. However, the court did not identify which allegations in the new petition were being barred by claim preclusion and provided no specific analysis supporting the application of claim preclusion.

---

[19]     *Id.*

Claim preclusion bars litigants from "reasserting 'a cause of action that has already been litigated and decided.' "[20] "A judgment is given [such preclusive] effect . . . when it is (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties . . . about the same cause of action."[21] If claim preclusion applies, "it precludes relitigation between the same parties not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then."[22] The question whether the cause of action is the same or could have been raised at the prior proceeding

> "does not rest on the legal theory asserted but rather on whether the claims arise out of the same transaction — the same set of underlying facts." "We exercise pragmatism in making this determination and consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[23]

---

[20] *Windel v. Matanuska-Susitna Borough*, 496 P.3d 392, 397 (Alaska 2021) (quoting *Conitz v. Alaska State Comm'n for Hum. Rts.*, 325 P.3d 501, 507 (Alaska 2014)).

[21] *Id.* (quoting *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013)).

[22] *Id.*

[23] *Patterson*, 303 P.3d at 497-98 (citation omitted) (first quoting *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010); and then quoting *Alderman v. Iditarod Props. Inc.*, 959 P.2d 1240, 1243 (Alaska 1998)); *see also White v. State, Dep't of Nat. Res.*, 14 P.3d 956, 959 (Alaska 2000) ("For purposes of res judicata, the prior judgment extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction . . . out of which the action arose." (quoting *DeNardo v. State*, 740 P.2d 453, 456 (Alaska 1987))).

The overarching purpose behind claim preclusion is the " 'generally recognized public policy' that there must be some final and conclusive end to litigation."[24]

It is conceivable that, if all of Green's allegations in the new DVPO petition were either the same instances of domestic violence as previously litigated, or arose out of the same events or transactions and could be considered "relevant claims," then claim preclusion could apply. But this determination requires analysis of each claim; whether it was previously raised; if not, how related it is to claims that were raised; and whether changed circumstances could allow the claim. The mere opportunity to raise an allegation of domestic violence during a prior proceeding does not, in itself, preclude a party from raising the allegation during a later proceeding. Instead, a court must consider whether the claim arose out of the same set of underlying facts and how related it is to the previous case.[25] This is particularly true in the context of domestic violence-related litigation, when there may be any number of reasons an individual would not raise *all* prior instances of domestic violence at a DVPO hearing.[26]

On the record before us, which does not include the full record of the prior relevant DVPO litigation, we are unable to determine if either claim or issue preclusion should apply to preclude all of Green's allegations of domestic violence. Both questions

---

[24]    *Weber v. State*, 166 P.3d 899, 902 (Alaska 2007) (quoting *Nelson v. Jones*, 787 P.2d 1031, 1033 (Alaska 1990)).

[25]    *White*, 14 P.3d at 959.

[26]    *Cf. McAlpine v. Pacarro*, 262 P.3d 622, 626 n.15 (Alaska 2011) (discussing reasons that victims of abuse may hesitate to raise allegations of domestic violence in court); *People v. Brown*, 94 P.3d 574, 581-83 (Cal. 2004) (discussing why victims of abuse sometimes minimize, recant, or give inconsistent testimony about abuse); *State v. Dow*, 131 A.3d 389, 397 (N.H. 2016) (discussing expert witness testimony about why victims may be unwilling to disclose domestic abuse).

require the superior court to perform a fact-intensive analysis of Green's allegations as related to allegations litigated in prior cases. We therefore vacate the court's preclusion order and remand to the superior court for it to determine whether Green's current allegations can or should be barred by either issue or claim preclusion.

## V.   CONCLUSION

We REVERSE the superior court's conclusion that Green failed to allege any acts of domestic violence against himself. We VACATE the superior court's preclusion order and REMAND for further proceedings consistent with this decision.