NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DAVID GARY GLADDEN, | ) | |
| | ) | Supreme Court Nos. S-15073/15303 |
| Appellant, | ) | (Consolidated) |
| | ) | |
| v. | ) | Superior Court No. 3DI-12-00036 CI |
| | ) | |
| CITY OF DILLINGHAM, a | ) | MEMORANDUM OPINION |
| Municipal Corporation; | ) | AND JUDGMENT* |
| ALICE RUBY; PAUL LIEDBERG; | ) | |
| BOB HIMSCHOOT; KEGGIE | ) | No. 1518 – October 1, 2014 |
| TUBBS; TRACY G. HIGHTOWER; | ) | |
| TIM SANDS; CHRISTOPHER J. | ) | |
| NAPOLI; ELIZABETH PEARCH; | ) | |
| SCOTT KING; STEVE CROPSEY; | ) | |
| DONALD MOORE; FRED | ) | |
| TORRISI; BOYD, CHANDLER & | ) | |
| FALCONER, LLP; BROOKS W. | ) | |
| CHANDLER; MEREDITH | ) | |
| MONTGOMERY; JOSE M. | ) | |
| SANCHEZ; DOUGLAS | ) | |
| DOMBROSKI; DAVID EWALD; | ) | |
| TRAVIS SCHIAFFO; MICHAEL | ) | |
| HENRY; JOSE M. SANCHEZ, as | ) | |
| individuals and in their official | ) | |
| official capacities; and JOHN | ) | |
| DOES 1-50, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

_____

*        Entered under Appellate Rule 214.

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Dillingham, Vanessa White, Judge.

Appearances: David Gary Gladden, pro se, Dillingham, Appellant. Laura L. Farley, Farley & Graves, P.C., Anchorage, for Appellee City of Dillingham, in S-15073. Neil T. O'Donnell, Atkinson, Conway & Gagnon, Anchorage, for Appellees Boyd, Chandler & Falconer, LLP, Brooks W. Chandler, and Meredith Montgomery, in S-15073. Thomas A. Dosik, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee Fred Torrisi, in S-15073 and S-15303. Mark Cucci, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellee Michael Henry, in S-15073.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I.    INTRODUCTION

David Gary Gladden has brought multiple appeals before this court relating to his ownership interest in real and personal property that was sold by the City of Dillingham in foreclosure proceedings to satisfy a tax delinquency judgment. We recently issued a Memorandum Opinion and Judgment upholding the superior court's grant of summary judgment against Gladden in his 2011 quiet title action.[1] Before appealing the grant of summary judgment in his quiet title action, Gladden brought another action in the superior court relating to the same underlying dispute, repeating many of the same arguments he raised in his quiet title action. He also filed a document that purported to be a lis pendens giving notice of the pendency of an action concerning

---

[1]    *Gladden v. City of Dillingham*, Mem. Op. & J. No. 1500, 2014 WL 2566772 (Alaska June 4, 2014).

each of the individual defendants and their property. The superior court granted the City's motion to dismiss on res judicata grounds and expunged the lis pendens. We affirm.

## II.    FACTS AND PROCEEDINGS

Our recent decision in Gladden's earlier appeal of the grant of summary judgment in his 2011 quiet title action details the facts and proceedings in the long-running legal dispute between Gladden and the City of Dillingham over Gladden's failure to pay taxes.[2] The City eventually initiated foreclosure proceedings on Gladden's real property.[3] Gladden filed a complaint for quiet title and sought a temporary restraining order (TRO) from the court to halt the sale.[4] The superior court conducted a hearing and heard testimony regarding the seizure and planned sale of Gladden's real and personal property[5] as well as the existence of federal tax liens against Gladden. The superior court denied Gladden's request for a TRO, and the City sold Gladden's real and personal property in September 2011.[6]

On December 6, 2011, the City of Dillingham provided Gladden with an accounting of the sales proceeds from the foreclosure sale, including the amounts paid

---

[2]      *Id.* at *1-2.

[3]      *Id.* at *1.

[4]      *Id.*

[5]      At the TRO hearing, the City presented the final monetary judgment against Gladden — for the non-payment of sales and personal property taxes that was issued in 2003 in Case No. 3DI-02-00020 CI — as the basis for the seizure and sale of Gladden's personal property. The superior court's grant of summary judgment in that case was affirmed on appeal. *Gladden v. City of Dillingham*, Mem. Op. & J. No. 1253, 2006 WL 1668029 (Alaska June 14, 2006).

[6]      *Gladden*, 2014 WL 2566772 at *1.

to satisfy federal tax liens and the City's tax and judgment liens. Also on December 6 a satisfaction of judgment was filed and recorded at Bristol Bay Recording District. Gladden contacted the City on December 6 by phone and requested a more detailed accounting of his debt obligations to the City. The City responded on December 7, providing a detailed spreadsheet showing that Gladden's debt obligations exceeded the $375,000 foreclosure sales price for Gladden's real property as well as the $25,443 sales price for his personal property. On December 13, the City contacted the State of Alaska Child Support Services Division in regard to a 1996 Child Support Lien against Gladden. Gladden was provided with a copy of this letter.

While his quiet title action was still pending, Gladden brought a new action in the superior court, eventually filing an amended complaint on May18, 2012. He also filed a document that he titled "lis pendens," in which he stated "NOTICE is hereby Given by this Lis Pendens concerning each of the 'Defendants' . . . concerning any transferring or sale of personal or private property of the Defendants." The City moved for summary judgment in Gladden's quiet title action on July 5, 2012, and Gladden filed an opposition to summary judgment on July 30. The superior court granted summary judgment to the City in Gladden's quiet title action on August 22. Our recent Memorandum Opinion and Judgment upholds the grant of summary judgment in the quiet title action.[7] On January 3, 2013, the superior court granted the City's motion to dismiss in the present case, concluding that Gladden's amended complaint in that case "is made up entirely of allegations that either 1) seek to relitigate issues and/or claims previously determined by Alaska courts in cases to which [Gladden] was a party; and 2) lack any legal merit." After the dismissal, Judge Fred Torrisi, who was named as a defendant in Gladden's action and lis pendens, moved to expunge the lis pendens on the

---

[7]     *Id.* at *4.

ground that Gladden failed to demonstrate that there was any dispute over the right to possession or title of any real property owned by him or any of the other individual defendants. The superior court issued an order expunging the lis pendens, indicating it was "never valid." Gladden now appeals the superior court's dismissal and expungement orders.[8]

## III.    STANDARD OF REVIEW

"We review de novo an order dismissing a complaint on the basis of [Alaska] Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted."[9] "Whether res judicata applies is a question of law that we review de novo."[10]

## IV.    DISCUSSION

### A.    The Superior Court Properly Concluded That Gladden's Arguments Are Precluded By Res Judicata.

> *Res judicata* consists of both claim preclusion and issue preclusion. Claim preclusion prevents a party from suing on a claim which has been previously litigated to a final judgment by that party . . . and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action. We have held that a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a

---

**8**      We note that AS 22.05.010(a) provides that "a party has only one appeal as a matter of right from an action or proceeding commenced in either the district court or the superior court."

**9**      *Larson v. State*, 254 P.3d 1073, 1076 (Alaska 2011) (internal quotation marks and citation omitted).

**10**     *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013) (internal quotation marks and citation omitted).

dispute between the same parties (or their privies) about the same cause of action.[11]

As relevant to Gladden's current appeals, we have clarified that (1) "[a] dismissal based on summary judgment constitutes a final judgment on the merits,"[12] and (2) "[a] fundamental tenet of the res judicata doctrine is that it precludes relitigation between the same parties not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then."[13] Thus, the question whether the earlier grant of summary judgment against Gladden in the quiet title action, upheld in our recent decision,[14] has preclusive effect depends not "on the legal theory asserted but rather on whether the claims arise out of the same transaction — the same set of underlying facts."[15]

Gladden presents nearly identical arguments in his current appeals as those raised in the appeal of his quiet title action. Gladden argued in his prior appeal that the City did not have authority to tax him and that therefore the City could not validly foreclose on his property or hold superior title.[16] Gladden also challenged the superior

---

[11]    *McElroy v. Kennedy*, 74 P.3d 903, 906-07 (Alaska 2003) (omission in original) (internal quotation marks and citations omitted).

[12]    *Patterson*, 303 P.3d at 497 (citation omitted).

[13]    *Id.* (quotation marks and citation omitted).

[14]    *Gladden v. City of Dillingham*, Mem. Op. & J. No. 1500, 2014 WL 2566772 (Alaska June 4, 2014).

[15]    *Patterson*, 303 P.3d at 497 (quotation marks and citation omitted).

[16]    *Gladden*, 2014 WL 2566772, at *1-2.

court's and the superior court judges' authority to hear and decide his case.[17] We concluded that "Gladden's arguments are meritless,"[18] and the same arguments presented in Gladden's current appeals are precluded by res judicata.

Gladden presents several new arguments in the current appeals, but these arguments "arise out of the same transaction — the same set of underlying facts":[19] Gladden's dispute with the City over the seizure and sale of his property. These new arguments could have been asserted in his quiet title action and first appeal, and they are therefore precluded. Specifically, Gladden challenges the legality of the federal tax and child support liens against him. He also claims that he "has been denied the statutory right to have an itemized list of the items sold and the total amount taken in by the City of Dillingham."[20] His point on appeal references AS 29.45.480(b), which provides for the former owner of a foreclosed property to receive an accounting and refund of excess funds "[i]f the proceeds of the sale of tax-foreclosed property exceed the total of unpaid and delinquent taxes, penalty, interest, and costs."[21] But Gladden had the opportunity

---

[17]     *Id.* at *2, *4.

[18]     *Id.* at *1.

[19]     *Patterson*, 303 P.3d at 497 (quotation mark and citation omitted).

[20]     The record, however, shows that Gladden was provided with an accounting, including the use of the foreclosure proceeds to satisfy his federal tax and child support liens, and that this accounting was provided to him months before the City's motion for summary judgment in Gladden's quiet title action.

[21]     AS 29.45.480 provides in full:

> (a)     On sale of foreclosed real or personal property the municipality shall divide the proceeds less cost of collection between the borough and the city having unpaid taxes against the property. The division is in proportion to the respective

(continued...)

to raise any issues with the foreclosure sale, including the accounting and disbursement of the foreclosure proceeds and the validity of the federal tax and state child support liens in his quiet title action and subsequent appeal. Indeed he complained about the lack of accounting and elicited testimony about the liens at the TRO proceeding before he filed his quiet title appeal. He is therefore precluded from asserting these arguments in the case currently on appeal.

---

[21](...continued)
> municipal taxes against the property at the time of foreclosure.
>
> (b)     If tax-foreclosed real property that has been held by a municipality for less than 10 years after the close of the redemption period and never designated for a public purpose is sold at a tax-foreclosure sale, the former record owner is entitled to the portion of the proceeds of the sale that exceeds the amount of unpaid taxes, the amount equal to taxes that would have been assessed and levied after foreclosure if the property had continued in private ownership, penalty, interest, and costs to the municipality of foreclosing and selling the property, and costs to the municipality of maintaining and managing the property that exceed amounts received by the municipality for the use of the property. If the proceeds of the sale of tax-foreclosed property exceed the total of unpaid and delinquent taxes, penalty, interest, and costs, the municipality shall provide the former owner of the property written notice advising of the amount of the excess and the manner in which a claim for the balance of the proceeds may be submitted. Notice is sufficient under this subsection if mailed to the former record owner at the last address of record of the former record owner. On presentation of a proper claim, the municipality shall remit the excess to the former record owner. A claim for the excess filed after six months of the date of sale is forever barred.

We conclude that the superior court properly determined that Gladden's arguments are precluded by res judicata.

**B.      The Superior Court Did Not Err In Expunging Gladden's Lis Pendens.**

Gladden also challenges the expungement of the lis pendens that he filed against all of the individual defendants and "any transferring or sale of personal or private property of the Defendants." Alaska Statute 09.45.940 provides for a lis pendens "[i]n an action affecting the title to or the right of possession of real property."[22]  "We strictly construe this statute,"[23] and "[a] lis pendens is only appropriate in cases disputing title or physical possession of real property."[24]  Nowhere in his pleadings does Gladden demonstrate any legally cognizable connection between his superior court action and real

---

[22]      AS 09.45.940 provides:

In an action affecting the title to or the right of possession of real property, the plaintiff at the time of filing the complaint, or afterwards, and the defendant, when affirmative relief is claimed, at the time of filing the answer, or afterwards, may record in the office of the recorder of the recording district in which the property is situated a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property affected in that district.  From the time of recording the notice, a purchaser, holder of a contract or option to purchase, or encumbrancer of the property affected has constructive notice of the pendency of the action and of its pendency against parties designated by their real names.

[23]      *Asher v. Alkan Shelter, LLC*, 212 P.3d 772, 782 n.34 (Alaska 2009), *abrogated on other grounds by Shaffer v. Bellows*, 260 P.3d 1064 (Alaska 2011).

[24]      *Id.*

property owned by any of the individual defendants. [25] Therefore, the superior court did not err in concluding that Gladden's lis pendens "was never valid."

We have previously indicated that a trial court can expunge a lis pendens pending appeal,[26] and the superior court did not err in doing so here.

## V. CONCLUSION

We AFFIRM the superior court's dismissal of Gladden's action and expungement of the lis pendens.

---

[25] Gladden seems to acknowledge this lack of connection in his briefing: "There could be a question as to Gladden's complying with []AS 09.45.940 pertaining to [Judge Fred] Torrisi's property in [the lis pendens]." (Emphasis omitted.) Gladden goes on to reference article IX, section 5 of the Alaska Constitution, but his assertion that he can therefore "lawfully and legally claim an 'interest' in the 'Government Property'" is specious.

[26] *See Blake v. Gilbert*, 702 P.2d 631, 642 (Alaska 1985) ("Expunging a lis pendens is a collateral matter, and the trial court has jurisdiction to do so pending appeal."), *overruled on other grounds by Bibo v. Jeffrey's Rest.*, 770 P.2d 290 (Alaska 1989).