NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| EUGENE JOHN BOURDON,<br><br>Appellant,<br><br>v.<br><br>STATE OF ALASKA,<br><br>Appellee. | Court of Appeals No. A-11768<br>Trial Court No. 1PE-13-42 CI<br><br>O P I N I O N<br><br>No. 2496 — March 18, 2016 |

Appeal from the Superior Court, First Judicial District, Petersburg, William B. Carey, Judge.

Appearances: Eugene John Bourdon, pro se, Juneau. Elizabeth T. Burke, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge ALLARD.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Eugene John Bourdon was convicted in 2000 of four counts of second-degree sexual abuse of a minor. Bourdon appealed, and we affirmed his convictions on direct appeal.[1]

On July 31, 2013, more than ten years after his direct appeal was final, Bourdon filed a fifty-page pro se petition for a writ of habeas corpus, arguing that the superior court lacked jurisdiction to enter judgment against him in his underlying criminal case because he was a Native Alaskan sovereign citizen. Superior Court Judge William B. Carey issued a lengthy and well-written order denying the petition as both untimely and without merit. This appeal followed.

On appeal, Bourdon renews his argument that the superior court lacked jurisdiction over his underlying criminal case. Bourdon asserts that he is a "sovereign citizen" and that, absent his consent, the State of Alaska has no power to enforce its criminal laws against him.[2]

Courts across the country have universally rejected these types of "sovereign citizen" claims, dismissing them as "misguided,"[3] "completely without

---

[1]    *Bourdon v. State*, 2002 WL 31761482 (Alaska App. Dec. 11, 2002) (unpublished).

[2]    *See* Francis X. Sullivan, Comment, *"The Usurping Octopus of Jurisdictional Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785 (1999) (explaining the historical background of the various sovereign citizen theories).

[3]    *United States v. Mitchell*, 405 F. Supp. 2d 602, 603-06 (D. Md. 2005) (characterizing sovereign citizen claims as "patently without merit ... [that] would even be humorous – were the stakes not so high.").

merit,"[4] and having "no conceivable validity in American law."[5] We likewise find no merit to Bourdon's argument.

Article IV, Section 1 of the Alaska Constitution grants the legislature authority to prescribe the jurisdiction of courts within the state. The legislature has authorized the superior court to exercise original jurisdiction in all criminal matters, and this jurisdiction extends to the whole of Alaska.[6] Thus, because Bourdon's criminal act occurred in Alaska, the superior court had jurisdiction over Bourdon in this criminal matter notwithstanding his alleged status as a Native Alaskan sovereign citizen.

Bourdon also raises a second claim on appeal. This claim relates to a pretrial proceeding in which the superior court imposed bail conditions on Bourdon while the State appealed the superior court's dismissal of Bourdon's indictment. (The State's appeal was successful and resulted in the reinstatement of Bourdon's indictment.[7])

---

[4] *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that he was "outside" the jurisdiction of the United States as "completely without merit" and "patently frivolous"); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status ... as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

[5] *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (rejecting ineffective assistance of counsel claim because defendant would have had same "irreconcilable differences" with any ethical and competent attorney due to his proposed sovereign citizen defense, and concluding that, because this defense had "no conceivable validity in American law, the judge would not have permitted it to be presented to the jury, and no reputable lawyer could have been found to attempt to persuade the judge otherwise.").

[6] AS 22.10.020.

[7] *See State v. Bourdon*, 1999 WL 61016, at *1 (Alaska App. Feb. 10, 1999) (unpublished).

Bourdon objected to the imposition of the bail conditions at the time, and the superior court ruled that it had authority to impose the conditions under AS 12.30.035, which directs the trial court to "treat the defendant in accordance with the provisions governing pretrial release" while an appeal of the dismissal of an indictment is pending before the appellate court. Now, more than a decade later, Bourdon challenges this ruling, arguing for the first time that the superior court violated the ex post facto clause of the state and federal constitutions by applying AS 12.30.035, which was enacted shortly after Bourdon committed his underlying criminal offenses.

As the State correctly points out, this claim is not properly before us. Bourdon did not coherently raise this ex post facto argument in his petition for writ of habeas corpus, and the superior court did not rule on it.[8] Bourdon has therefore waived this claim for purposes of this appeal.

In any case, this is not the type of claim that can form the basis for post-conviction relief. An application for post-conviction relief — whether it is styled as an application under Criminal Rule 35.1, a petition for writ of habeas corpus, or otherwise — is fundamentally a collateral attack on the validity of a criminal judgment. The purpose of the attack is to obtain relief from an invalid judgment — *i.e.*, to have a conviction reversed or a sentence vacated. A claim for post-conviction relief must therefore show not only that an error occurred but also that the error directly tainted the proceedings and the resulting conviction and/or sentence.[9] Here, even if we were to assume that Bourdon's claim is true, there would be no basis on which to grant him the relief he seeks. Whether or not the superior court violated the ex post facto clause when

---

[8]    *See Pore v. State*, 452 P.2d 433, 436-37 (Alaska 1969).

[9]    *Cf. Roberts v. State*, 445 P.2d 674, 676 (Alaska 1968) ("Habeas corpus is not available to review questions, no matter how important, which are not related to the cause of petitioner's detention.").

it imposed temporary bail conditions on Bourdon has no bearing on the validity of his convictions or his sentence.

We accordingly AFFIRM the superior court's judgment.

2496