*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DONALD McDONALD, | ) | |
| | ) | Supreme Court No. S-18112 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KN-20-00604 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, DEPARTMENT | ) | |
| OF CORRECTIONS, ALASKA | ) | No. 7630 – October 28, 2022 |
| PAROLE BOARD and JEN | ) | |
| WINKELMAN, in an official capacity, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Lance Joanis, Judge.

Appearances: Donald McDonald, pro se, Kenai, Appellant. Anna L. Marquez, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

WINFREE, Chief Justice.

I.    INTRODUCTION

The Department of Corrections's Parole Board denied an inmate's discretionary parole application; he subsequently sought injunctive relief against the Department, the Board, and the Department's then-commissioner (collectively DOC). The inmate asked the superior court to return his parole application to the Board with

instructions that the Board consider applicable factors and support its conclusions with substantial evidence. Concluding that the inmate should have brought a post-conviction relief application rather than a civil suit, the court granted a motion to dismiss. The inmate appeals. Because the inmate's claim was a post-conviction relief claim, we affirm the court's decision. But we note that the appropriate action would have been for the court to convert the lawsuit to a post-conviction relief application.

## II. FACTS AND PROCEEDINGS

### A. Facts

After a jury convicted Donald McDonald of murder, he was sentenced to 99 years' imprisonment; he was eligible to apply for discretionary parole after 33 years. The Board[1] met in November 2018 to review McDonald's discretionary parole request.[2] The Board denied McDonald's request, noting that he had done well during his incarceration and completed various rehabilitation programs but that his "crime [was] the most serious crime someone can commit, taking another life." The Board further noted McDonald's claims of innocence and victims' "compelling testimony" about how his offense had negatively impacted their lives. The Board concluded that "to release [McDonald] this early in [his] sentence would diminish the seriousness of the offense as well as negatively impact the victims." The Board said McDonald would be eligible to reapply for discretionary parole in ten years. McDonald requested reconsideration. In April 2019 the Board denied his reconsideration request because it "did not feel that

---

[1]   *See* AS 33.16.020 (establishing Board within DOC and setting out structure of membership and terms of service). The Board is statutorily directed to: "serve as the parole authority"; "impose parole conditions on all prisoners released under special medical, discretionary, or mandatory parole"; and "discharge a person from parole when custody is no longer required." AS 33.16.060(a)(1), (3), (4).

[2]   *See* AS 33.16.130 (setting out procedures for eligible prisoner to apply for discretionary parole); AS 33.16.100 (setting out discretionary parole standards).

[McDonald] presented any new or additional information that more than likely would have changed the outcome of [his] hearing."

### B.    Proceedings

In August 2020 — more than a year after the Board's final decision and thus past the time for filing a superior court post-conviction relief application[3] — McDonald filed a superior court complaint alleging that DOC had committed: (1) "non-feasance by failing in [its] official capacity to either grant discretionary parole . . . or adequately explain the reason for denying [McDonald's] application for discretionary parole" because it "failed to identify which factors set forth in AS 3[3].16.100 the [Board] considered relevant" and because it failed to support its "decisions by substantial evidence"; (2) malfeasance "by deliberately and repeatedly ignoring [its] duty to explain . . . decisions or ensure such decisions are consist[e]nt with applicable statutes and the fundam[e]ntal principles of due process" and by "offsetting the implementation of parole release by many years"; and (3) obstruction of process by "deliberately interfer[ing] with the discretionary parole application and hearing process by allowing . . . subjective, seemingly politically perjor[a]tive opinions to subsume and dominate assessments meant to be objective and supported by substantial evidence."   Relevant to this appeal, McDonald asked the court to vacate the Board's parole denial and return his application to the Board for reconsideration.

---

[3]    *See* AS 12.72.020(a) ("A claim may not be brought under AS 12.72.010 [(governing scope of post-conviction relief)] or the Alaska Rules of Criminal Procedure if . . . (4) one year or more has elapsed from the final administrative decision . . . that is being collaterally attacked . . . .").

DOC moved to dismiss McDonald's complaint for failure to state a claim upon which relief could be granted.[4] DOC argued that McDonald's claims for relief fell "within the purview" of post-conviction relief under AS 12.72.010(5)[5] and Alaska Criminal Rule 35.1[6] because he essentially claimed he was "unlawfully held in custody or other restraint." DOC asserted that a civil lawsuit was not the correct type of action for McDonald's requested relief and that his claims for relief should have been brought

---

[4] *See* Alaska R. Civ. P. 12(b)(6) (allowing motion to dismiss when complaint fails to assert claim for which relief can be granted).

[5] Alaska Statute 12.72.010 provides in relevant part:

A person who has been convicted of, or sentenced for, a crime may institute a proceeding for post-conviction relief if the person claims

. . . .

(5) that the person's sentence has expired, or the person's probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint . . . .

[6] Alaska Criminal Rule 35.1(a) provides in relevant part:

A person who has been convicted of or sentenced for a crime may institute a proceeding for post-conviction relief . . . if the person claims:

. . . .

(5) that the applicant's sentence has expired, that the applicant's probation, parole or conditional release has been unlawfully revoked, or that the applicant is otherwise unlawfully held in custody or other restraint . . . .

-4- 7630

as a post-conviction relief action. McDonald responded that his claims did not fall under Rule 35.1; he instead asserted they related to his treatment as a prisoner and thus properly were brought as a civil action. The superior court granted DOC's motion to dismiss "[f]or the reason[s] set forth in defendant's motion to [d]ismiss."

McDonald appeals.

## III. STANDARD OF REVIEW

"We review a superior court's dismissal of a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) de novo. The complaint must be liberally construed and we treat all factual allegations as true."[7] Motions to dismiss under Rule 12(b)(6) are disfavored,[8] and "[a] complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim' that would entitle [the plaintiff] to some form of relief, even if the plaintiff requests a type of relief [the plaintiff] is not entitled to obtain."[9]

## IV. DISCUSSION

### A. The Issue Before Us

The issue before us is whether McDonald's claims properly could be brought as a civil lawsuit seeking injunctive relief or, as the superior court concluded, had to be brought in a post-conviction relief application. McDonald's arguments go well beyond this issue.

---

[7]     *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012) (footnote omitted).

[8]     *Id.*

[9]     *Id.* (quoting *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 254 (Alaska 2000)).

McDonald contends that the superior court erred by: (1) failing to hold his pleadings to a less stringent standard because of his status as a self-represented litigant and failing to make sufficient findings in its order; (2) granting DOC's motion to dismiss because "genuine issues of facts exist in determining whether the [Board] discharged [its] obligations properly"; (3) accepting DOC's assertion that McDonald's claims should have been brought as an action for post-conviction relief; (4) "fail[ing] to consider the effects of defective Board reports on [McDonald's] status and treatment as a prisoner, and the impact of the Board's failure to adhere to statutory obligations on [McDonald's] constitutional rights"; and (5) "assuming and concurring with [DOC's] arguments that the work products of the [Board] are . . . sufficient" and "removing [McDonald] from civil actions that afford [him] enforceable injunctive relief."

We discuss McDonald's arguments to the extent they relate to the issue before us.

## B.     Sufficiency Of The Superior Court's Order

McDonald expresses concern with the superior court's order, taking issue with its brevity and noted reliance on reasoning in DOC's dismissal motion.

McDonald first points out our statements that "pleadings of pro se litigants should be held to less stringent standards than those of lawyers" and that "the trial judge should inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish."[10]   He contends that his challenge was to the Board's "defective work product" rather than being a "false imprisonment" claim and that "additional information communicated within the framework of Motions, Pleadings, and Orders would better inform" him.  The legal question the motion to dismiss raised

---

[10]     *Capolicchio v. Levy*, 194 P.3d 373, 378 (Alaska 2008) (quoting *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987)).

was whether McDonald's original pleading was defective because it was in the form of a civil suit rather than a post-conviction relief application. McDonald does not explain how the superior court failed to advise him of the proper procedure for opposing DOC's motion to dismiss, and he opposed dismissal.[11] The court had no duty to explain the substantive law to McDonald, and its order granting dismissal was "without prejudice to any action for post-conviction relief which [he] may bring seeking the same relief."

McDonald also emphasizes that the superior court's order did not specify whether the court considered matters outside of his original pleading, but he points to no additional submitted materials that the court might have considered.[12] Nor does McDonald point to anything in the order suggesting the court considered outside matters.

McDonald lastly asserts that in *DeRemer v. Turnbull*[13] we reversed the superior court because it had not "provide[d] independent analysis of Appellant's claims, nor examined the Defendant's acts/decisions to determine their validity." McDonald misunderstands *DeRemer*. In *DeRemer* the superior court "summarily granted" the defendants' motion to dismiss "for the reasons set forth in defendants' motion."[14] We affirmed the court's dismissal as to all but one claim, which had not been discussed in

---

[11]     Had McDonald's opposition been defective, "the *Breck* rule would have imposed a requirement on the superior court to notify him of the defect and the means to cure it." *Id.* at 379.

[12]     *See Homeward Bound, Inc. v. Anchorage Sch. Dist.*, 791 P.2d 610, 611-12 (Alaska 1990) ("If the parties present materials outside the pleadings, the court must state affirmatively whether or not it considered the materials presented. If the court considers matters outside the pleadings, it must treat the motion to dismiss as a motion for summary judgment pursuant to Civil Rule 56." (Citation omitted)).

[13]     453 P.3d 193 (Alaska 2019).

[14]     *Id.* at 196.

the motion to dismiss and therefore had not been addressed by the court's order.[15] *DeRemer* does not stand for the proposition that a superior court errs by adopting a party's reasoning in an order.

The superior court referred to DOC's motion to dismiss and provided the reasoning for its decision, and we see no error.

## C. The Superior Court Decision's Merits

### 1. Do McDonald's claims raise issues that could be brought in a post-conviction relief proceeding?

DOC asserts that McDonald's claims fall under AS 12.72.010(5), providing: "A person who has been convicted of, or sentenced for, a crime may institute a proceeding for post-conviction relief if the person claims . . . that . . . the person is otherwise unlawfully held in custody or other restraint . . . ." DOC argues that "[t]he proper procedural vehicle for alleging an unlawful denial of discretionary parole is by filing a [post-conviction relief application]." DOC contends McDonald's claims are collateral attacks that would circumvent the Board's decision denying him discretionary parole and thus fall within the scope of subsection .010(5).

DOC is correct that challenges to the Board's discretionary parole decisions can be raised in applications for post-conviction relief. The court of appeals has considered several post-conviction relief applications challenging the Board's denial of discretionary parole.[16] And McDonald points to several superior court decisions

---

[15] *Id.* at 197-200.

[16] *See, e.g.*, *Frank v. State*, 97 P.3d 86, 87, 89-91, 93 (Alaska App. 2004) (considering post-conviction relief application challenging Board's denial of discretionary parole); *Walker v. State*, No. A-13075, 2020 WL 7774938, at *1 (Alaska App. Dec. 30, 2020) (same); *Duyck v. State*, No. A-9687, 2008 WL 269462, at *1-2 (Alaska App. Jan. 30, 2008) (same).

considering post-conviction relief challenges to parole decisions as support for his arguments that the Board failed to adequately consider his parole request.

McDonald nonetheless contends that his lawsuit is not about being "unlawfully held in custody or other restraint" but rather is about conditions of incarceration and thus properly brought as a civil lawsuit. He cites AS 09.19.100-.200, governing prisoner and correctional facility litigation against the State, and he notes that AS 09.19.100(1) defines "litigation against the [S]tate" to mean an action involving the State and "related to a person's status or treatment as a prisoner . . . or to an alleged violation of the person's constitutional rights." McDonald asserts that "purposefully defective reports from the [Board] adversely affect[] the status and treatment of prisoners in the same manner as demonstrably unsafe sleeping bunks, rotted food, poor medical treatment, lack of heat or ventilation, poor access to hygiene, etc."

DOC correctly responds that AS 09.19.200 governs correctional facility litigation and was not meant "to provide an additional mechanism for prisoners to bring a civil action." We previously have noted that AS 09.19.100 "does not create a cause of action; it merely defines words and phrases used in the remainder of the chapter."[17] And the court of appeals has noted that, for purposes of determining applicable filing fees in prisoner litigation, a "petition for post-conviction relief constitutes 'litigation against the state' as defined in AS 09.19.100(1)."[18]

McDonald further contends that he is making right-to-treatment claims, which cannot be litigated in a post-conviction relief action and instead must be litigated

---

[17] *Carlson v. Renkes*, 113 P.3d 638, 641 (Alaska 2005).

[18] *Baker v. State*, 158 P.3d 836, 837 (Alaska App. 2007).

as "an independent civil action against [DOC]."[19]   McDonald seems to argue that, because the Board provides prisoner rehabilitation plans with recommended educational programs and treatment, its defective work products affect his right to treatment.  This argument fails.  In *Rust v. State* we concluded that prisoners have "the right to receive necessary medical services, including psychiatric care, while confined."[20]  In *Abraham v. State* we concluded that a prisoner had a constitutional right to rehabilitative treatment for his alcohol dependence.[21]  But McDonald points to no rehabilitative treatment he has been deprived of by the Board's allegedly deficient recommendation.  His generalized claim that the Board's inadequate report deprived him of his right to treatment is not the type of claim that must be litigated in a separate civil action.[22]

We conclude that McDonald's claims could have been raised in a post-conviction relief application.

### 2.    Did the superior court err by dismissing McDonald's civil suit?

If McDonald's claims could have been brought in a post-conviction relief application, then the question is whether he was *required* to bring them in a post-conviction relief application rather than as a civil lawsuit.

DOC points out important procedural differences between a civil lawsuit and a post-conviction relief application.  For example, an  indigent person has a right to

---

[19]    *State, Dep't of Corr. v. Lundy*, 188 P.3d 692, 695 (Alaska App. 2008).

[20]    582 P.2d 134, 143 (Alaska 1978).

[21]    585 P.2d 526, 533 (Alaska 1978).

[22]    *See Lundy*, 188 P.3d at 694-95 ("[L]itigation dealing with . . . conditions of imprisonment is civil in nature." (citing *Rust*, 582 P.2d at 143; *Abraham* 585 P.2d at 531-33)).

counsel when litigating a timely, first-time post-conviction relief application.[23] DOC also stresses that the applicant's burden of proof in a post-conviction relief proceeding is clear and convincing evidence but that the burden of proof in a general civil proceeding is preponderance of the evidence.[24] DOC persuasively asserts that "McDonald should not be permitted to circumvent the procedural requirements and burden of proof set forth in AS 12.72.040 and Criminal Rule 35.1 because he prefers his case be handled as a civil action rather than [a post-conviction relief action]." And DOC further notes that McDonald's post-conviction relief claim was not filed within one year of the Board's final decision.[25] As discussed below, the court of appeals previously has held that the civil rules may not be used to "circumvent the statute of limitations for a post-conviction relief application."[26]

The rule governing post-conviction relief includes an exclusive remedy provision supporting DOC's position. Alaska Criminal Rule 35.1(b) provides:

> **Not a Substitute for Remedies in Trial Court — Replaces All Other Remedies for Challenging the Validity of a Sentence.** This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or direct review of the sentence or conviction. It is

---

[23] AS 18.85.100(c).

[24] *Compare* AS 12.72.040 ("A person applying for post-conviction relief must prove all factual assertions by clear and convincing evidence."), *with Fernandes v. Portwine*, 56 P.3d 1, 5 (Alaska 2002) ("Preponderance of the evidence is the general burden of persuasion in civil cases.").

[25] *See* AS 12.72.020(a) ("A claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if . . . (4) one year or more has elapsed from the final administrative decision of the Board of Parole or the Department of Corrections that is being collaterally attacked . . . .").

[26] *McLaughlin v. State*, 214 P.3d 386, 386 (Alaska App. 2009).

intended to provide a standard procedure for accomplishing the objectives of all of the constitutional, statutory or common law writs.

Alaska case law further supports DOC's position. In *McLaughlin v. State* the superior court dismissed a post-conviction relief action because it was untimely.[27] Before the court of appeals, the applicant relied on Alaska Civil Rule 60(b)(4), providing that a court may relieve a party "from a final judgment, order, or proceeding" if "the judgment is void."[28] Acknowledging that civil rules apply to post-conviction relief actions, as stated in Alaska Criminal Rule 35.1(g), the court of appeals held that using "rules of civil procedure is meant merely to provide an orderly process for determining post-conviction claims."[29] The court of appeals further stated: "The civil rules do not create an alternate procedure for seeking relief from a criminal judgment. The procedure for collateral attack of a criminal judgment is explicitly set out in AS 12.72.010 and Criminal Rule 35.1(a)."[30] The court of appeals accordingly held that the applicant could not use Alaska Civil Rule 60(b) to avoid the statute of limitations applicable to post-conviction relief actions.[31]

We similarly ruled in an unpublished decision that a person could not use a civil suit to "circumvent the protections the State receives under the post-conviction

---

[27] *Id.*

[28] *Id.* at n.4.

[29] *Id.* at 387.

[30] *Id.*

[31] *Id.*

relief statutes."[32]  In that case the superior court dismissed a post-conviction relief application, and the litigant subsequently filed a civil lawsuit against the Board; the superior court dismissed the civil suit because, among other reasons, the action was barred by res judicata.[33]  The litigant argued that res judicata should not apply because his post-conviction relief counsel was ineffective.[34]  We noted that this argument was "essentially a new post-conviction relief claim because [he was] claiming that he [was] 'unlawfully held in custody or other restraint.' "[35]  We held that the litigant's ineffective assistance of counsel claim did not prevent the application of res judicata because the claim should have been brought in a post-conviction relief proceeding.[36]

We conclude that McDonald was required to bring his claim against the Board in a post-conviction relief application under AS 12.72.010 and Alaska Criminal Rule 35.1(a).  The superior court's decision dismissing the direct civil claims thus was not erroneous.  But we note that the court should have converted the matter to a post-conviction relief application without dismissing the lawsuit, rather than effectively requiring McDonald to file a new and separate court case if he wished to pursue the post-conviction relief application.[37]  Because McDonald does not raise this point, because the

---

[32]    *Hertz v. Schmidt*, No. S-15508, 2015 WL 9393564, at *4 (Alaska Dec. 23, 2015).

[33]    *Id.* at *1-4.

[34]    *Id.* at *4.

[35]    *Id.*

[36]    *Id.*

[37]    *See Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012) ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim' that would entitle him to some form of

(continued...)

dismissal order was without prejudice to his right to file a separate post-conviction relief application, and because it seems incontrovertible that McDonald filed his direct civil action well after the time had expired to file a post-conviction relief application, we do not consider it further.[38]

## V.    CONCLUSION

The superior court's decision is AFFIRMED.

---

[37]    (...continued)
relief, even if the plaintiff requests a type of relief he is not entitled to obtain." (quoting *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 254 (Alaska 2000))); *see also Fisher v. State*, 315 P.3d 686, 688 (Alaska App. 2013) (holding that when "a defendant files a habeas petition that could be brought under Criminal Rule 35.1, the court is required to 'treat such a complaint as an application for post-conviction relief . . . and, if necessary, transfer the application to the court of appropriate jurisdiction for proceedings under that rule' "); *Wilkinson v. State*, No. A-12080, 2018 WL 4908293, at *1 (Alaska App. Oct. 10, 2018) (holding superior court was required to convert appellant's motion to withdraw plea to post-conviction relief action); *Moore v. State*, No. A-11149, 2015 WL 1881533, at *1-2 (Alaska App. Apr. 22, 2015) (holding superior court was required to convert appellant's *coram nobis* petition to post-conviction relief action and give appellant opportunity to amend application to conform with Criminal Rule 35.1's requirements); *cf. Carlson v. Renkes*, 113 P.3d 638, 642 (Alaska 2005) (holding "superior court did not err by treating [appellant's] complaint as an administrative appeal"); *Osborne v. State, Dep't of Corr.*, 332 P.3d 1286, 1287 (Alaska 2014) (converting petition for hearing to appeal and accepting appellant's filing as opening brief).

[38]    An unpublished court of appeals decision involved a case similar to McDonald's. In *Brown v. State* an applicant was denied discretionary parole and filed a civil suit against the Board and his parole officer. No. A-8699, 2006 WL 1868496, at *1 (Alaska App. July 5, 2006). The superior court "dismissed the suit, finding that a challenge to a parole decision must be brought in a post-conviction relief proceeding." *Id.* The litigant then filed a post-conviction relief application, which was dismissed as time-barred. *Id.* The court of appeals affirmed, noting that the litigant's civil suit was dismissed after the superior court "ruled that [his] sole available method for attacking the Board's decision was a petition for post-conviction relief" and that even if the civil action determined the date, the application still was untimely because the civil action was filed more than one year after the Board's final decision. *Id.* at *2.