*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JEFFREY HOUT, | ) | |
| | ) | Supreme Court No. S-18511 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-21-08659 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, OFFICE OF | ) | |
| THE GOVERNOR, AND MICHAEL | ) | |
| DUNLEAVY, IN AN OFFICIAL | ) | No. 7673 – November 17, 2023 |
| CAPACITY, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Thomas A. Matthews, Judge.

Appearances: Jeffrey Hout, pro se, Wasilla, Appellant. Thomas C. Mooney-Myers, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellees.

Before: Borghesan, Henderson, and Pate, Justices. [Maassen, Chief Justice, and Carney, Justice, not participating.]

PATE, Justice.

## I.     INTRODUCTION

An inmate sued Governor Michael Dunleavy for failing to provide him with proof of various bonds, oaths, and licenses. The inmate also alleged that certain

people involved in his criminal trial had practiced law without valid licenses. The superior court dismissed the lawsuit because it failed to state a claim upon which relief may be granted. The inmate appealed. We affirm the superior court's judgment.

## II. FACTS AND PROCEEDINGS

After Jeffrey Hout was convicted of a 2010 kidnapping and murder, he was sentenced to 104 years' imprisonment.[1] Hout sent a letter to Governor Dunleavy in August 2021 demanding proof that the Governor was licensed to practice law in Alaska, had obtained various official surety bonds, and had taken his oath of office. After Governor Dunleavy did not respond, Hout filed a Uniform Commercial Code (UCC) Financing Statement with the Alaska UCC Central File System Office,[2] seeking to secure a purported debt of $250 million in gold dollars owed to him by Governor Dunleavy and the State of Alaska.

Hout then filed a complaint in the superior court, alleging that the State of Alaska and Governor Dunleavy had committed fraud against him. Hout also alleged that his criminal conviction was invalid and that he should be released from prison because government officials involved in his criminal case, including the judge, had engaged in the practice of law without valid licenses.

The State moved to dismiss Hout's complaint with prejudice under Alaska Civil Rule 12(b)(6). Hout failed to respond. The superior court granted the State's motion to dismiss. Hout now appeals the court's order dismissing his complaint and asks us to "release [him] from prison due to [f]raud and [o]bstruction of [j]ustice by the State of Alaska."

---

[1] *See Hout v. State*, No. A-11212, 2015 WL 5000552, at *1 (Alaska App. Aug. 19, 2015) (affirming sentencing decision).

[2] *See generally Ranes & Shine, LLC v. MacDonald Miller Alaska, Inc.*, 355 P.3d 503, 511 (Alaska 2015) (explaining that "[a] UCC financing statement is intended to provide notice to the world of a secured party's interest in specific collateral").

## III. STANDARD OF REVIEW

"We review de novo the dismissal of a complaint under Alaska Civil Rule 12(b)(6), 'deeming all facts in the complaint true and provable.' "[3]

## IV. DISCUSSION

The content and style of Hout's claims and arguments in this case are consistent with the expressed belief system of a group that has come to be known as "sovereign citizens."[4] For example, Hout signed his complaint as "Hout: Jeffery TM ©" and he asserts that he is "a sui juris and Sovereign." "Courts across the country have universally rejected these types of 'sovereign citizen' claims, dismissing them as 'misguided,' 'completely without merit,' and having 'no conceivable validity in American law.' "[5] Hout's claims and arguments in this case are similarly flawed.

We have jurisdiction to decide this case. Hout asserts that he "does *NOT* consent to Superior/Supreme Courts [sic] decisions in opposition of *ANY*, and *ALL*

---

[3]     *Pruitt v. Off. of Lieutenant Governor*, 498 P.3d 591, 597 (Alaska 2021) (quoting *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000)).

[4]     *See* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 MONT. L. REV. 153, 154-55 (2019) ("Most often, Sovereign Citizens contest the United States' jurisdiction over them as federal defendants because they have not consented to that jurisdiction. In pursuing their 'rights,' Sovereign Citizens engage in 'paper terrorism,' which includes the filing of false liens against government officials and a multitude of other civil claims based on abstract violations of the Uniform Commercial Code ('UCC')." (footnotes omitted)); Charles E. Loeser, *From Paper Terrorists to Cop Killers: The Sovereign Citizen Threat*, 93 N.C. L. REV. 1106, 1126 (2015) ("Anyone can file a lien under the [UCC], and sovereign citizens tend to file liens against the homes and land of public officials who participated in or were complicit in their legal proceedings. The monetary amount of these liens tends to have no basis in reality and instead is usually in preposterous amounts like $5.1 million or $100 billion." (footnotes omitted)).

[5]     *Bourdon v. State*, 370 P.3d 1116, 1117 (Alaska App. 2016) (footnotes omitted).

claims presented."[6] He asserts that we lack the authority to deny his claims, including his fraud claim and his purported $250 million lien against Governor Dunleavy. Hout's argument is premised on the misguided notion that Alaska's laws do not apply to him unless and until he provides personal consent to be governed by our laws. This argument is nonsense[7] and antithetical to our form of constitutional democracy.[8]

Our government derives its powers from Alaska citizens who, as a collective whole, have provided "consent of the governed" by ratifying the Alaska Constitution.[9] "Article IV, Section 1 of the Alaska Constitution grants the legislature authority to prescribe the jurisdiction of courts within the state."[10] The legislature has

---

[6]     Emphasis in original.

[7]     *Cf. United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (explaining that defendants "are mistaken if they think they cannot be prosecuted without their consent or signatures. If this were the case, it is hard to imagine that any indicted defendant would 'consent' to any proceedings against him, and the entire federal criminal code would be pointless" (footnotes omitted)).

[8]     *See, e.g.*, *Trump v. Vance*, 140 S. Ct. 2412, 2432 (2020) (Kavanaugh, J., concurring) ("In our system of government, as this Court has often stated, no one is above the law."); *Ex parte Milligan*, 71 U.S. 2, 30 (1866) ("Our system knows no authority beyond or above the law."); *cf. Aspen Expl. Corp. v. Sheffield*, 739 P.2d 150, 157 n.14 (Alaska 1987) (explaining that the common law historically held public officials and private individuals to same standard for purposes of tort liability, rooted in "common law principle that 'no man is above the law' " (quoting A.V. DICEY, THE LAW OF THE CONSTITUTION 193 (10th ed. 1959))).

[9]     Ernest Gruening, Governor of the Territory of Alaska, delivered the keynote address to the Alaska Constitutional Convention, explaining the delegates' authority was derived from the people of Alaska. 6 Proceedings of the Alaska Constitutional Convention App. III at 1 (November 9, 1955) ("We meet to validate the most basic of American principles, the principle of 'government by consent of the governed.' "); *see also* THE DECLARATION OF INDEPENDENCE para. 2 (U.S. 1776) ("That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed . . . .").

[10]     *Bourdon*, 370 P.3d at 1118 (footnotes omitted).

authorized the superior court to exercise original jurisdiction over all civil matters, and the superior court's jurisdiction extends over the whole of Alaska.[11] The legislature has likewise authorized us to exercise "final appellate jurisdiction in all actions and proceedings" that begin in the district or superior courts.[12] We exercise that jurisdiction today to affirm the court's dismissal of Hout's claims.

On the merits, Hout alleges that Governor Dunleavy and the State have failed to comply with statutes and constitutional provisions dealing with three categories of government activities. First, he cites official bonding statutes.[13] Second, he cites the oath of office statutes and a corresponding provision of the Alaska Constitution.[14] Third, he cites Alaska's law-licensing statute.[15] Hout alleges that Governor Dunleavy committed fraud by not providing proof of compliance with these three categories of statutes within three days of Hout's written demand for such proof. Hout also alleges that "every member and party" who participated in his criminal case

---

[11] AS 22.10.020(a)-(b) (noting some actions within original jurisdiction of superior court must be filed in district court, rather than superior court); *see also* Alaska Const. art. IV, § 3.

[12] AS 22.05.010(a); *see also* Alaska Const. art. IV, § 2.

[13] AS 39.15.010-.100 (providing for form, amount, and conditions of official surety bonds); *see also* AS 39.05.050 ("The principal executive officer of each department and subordinate officials shall furnish corporate surety bonds in the instance and amount required by law or determined by the governor upon recommendation of the commissioner of administration. The state shall pay the cost of the bond. The attorney general shall approve the form of the bond.").

[14] AS 39.05.040 (providing principal executive officers must take, sign, and file oath of office as required by Alaska Constitution); AS 39.05.045 (providing public employees must take and sign oath of office as required by statute); Alaska Const. art. XII, § 5 (providing public officers must swear to support and defend United States Constitution and Alaska Constitution).

[15] AS 08.08.210 (providing person engaging in practice of law in Alaska must be licensed and active member of Alaska Bar and Alaska Bar Rules shall define "practice of law").

did "NOT hold or possess a valid 'License' issued by the 'only' state government agency that issue's [sic] or, should issue said prerequisited [sic] AS 08.08.210(d) license."[16] The superior court interpreted this argument as a claim "that [Hout's] conviction was an improper violation of his civil rights."

Hout's fraud claim is without merit. In a complaint alleging fraud, "the circumstances constituting fraud . . . shall be stated with particularity."[17] However, the primary allegation underpinning Hout's fraud claim — that Governor Dunleavy was legally obligated to provide him with proof of oaths, licenses, and bonds — is essentially a "legal conclusion . . . 'style[d] [as an] assertion[] of fact.' "[18] The superior court acknowledged it was undisputed that no government official or employee had provided Hout with proof of a license, oath, or bond. Accepting this fact as true, the court correctly held that Hout was not entitled to such proof because "there is no legal basis upon which a criminal defendant is entitled to such bonds and oaths." We affirm the court's summary dismissal of Hout's fraud claim.

The superior court was also correct to dismiss Hout's civil rights claim seeking release from prison on the ground that certain officials who participated in his criminal trial were practicing law without valid licenses. The court explained that Hout's civil rights claim is "underpinned by the assertion that the State of Alaska does not have authority to license attorneys." Although we "liberally construe[]" the allegations in a complaint and "treat all factual allegations as true" when deciding

---

[16] Emphasis in original. Hout included this allegation in a petition for leave to amend his complaint. The State and the superior court treated Hout's petition to amend as part of his complaint, and we do the same.

[17] Alaska R. Civ. P. 9(b).

[18] *Forrer v. State*, 471 P.3d 569, 585 (Alaska 2020) (first and fourth alteration added); *id.* at 585 n.160 (rejecting legal conclusions styled as factual assertions when considering motion to dismiss, including allegation that statutory bonding requirements created obligation to pay for oil and tax credits).

whether a complaint states a cognizable claim for relief,[19] bare legal conclusions like Hout's assertion that the State of Alaska lacks the authority to license attorneys are not entitled to the benefit of the presumption of truth.[20] Even assuming, without deciding, that Hout's complaint states a claim that at least one official involved in his criminal trial was practicing law without a license and that his conviction therefore violated his civil rights, the superior court was correct to dismiss Hout's complaint asserting those claims.

The proper vehicle for Hout's claim seeking release from prison would be an application for post-conviction relief.[21] Subject to limited exceptions not at issue here,[22] a person convicted of a criminal offense is entitled to make only one such application, and any subsequent application must be dismissed.[23] Hout had already applied once for post-conviction relief from his 2010 conviction before filing this complaint, meaning it would have been futile for the superior court to convert his civil

---

[19] *Larson v. State, Dept. of Corr.*, 284 P.3d 1, 6 (Alaska 2012).

[20] *See Dworkin v. First Nat'l Bank of Fairbanks*, 444 P.2d 777, 779 (Alaska 1968) (stating although well pleaded allegations in a complaint are deemed admitted for the purpose of deciding a motion to dismiss, "unwarranted factual inferences and conclusions of law are not considered admitted in resolving the merits of such motions"). Hout's assertion about the State of Alaska's authority to license attorneys is, of course, mistaken. The legislature has provided by statute that the Alaska Bar Rules shall define the "practice of law" and specified the requirements for practicing law in the state, including active membership in the Alaska Bar. AS 08.08.210; *see also* Alaska Bar. R. 15(b) (defining the practice of law).

[21] *See* AS 12.72.010; Alaska R. Crim. P. 35.1(a); *McDonald v. State, Dep't of Corr., Alaska Parole Bd.*, 519 P.3d 345, 351 (Alaska 2022).

[22] *See, e.g.*, *Grinols v. State*, 74 P.3d 889, 895 (Alaska 2003) (allowing second petition based on claim of ineffective assistance of counsel); *cf. Hall v. State*, 446 P.3d 373, 378 (Alaska App. 2019) (holding subsequent petitions based on newly discovered evidence do not qualify as "second or successive" petitions under AS 12.72.020(b)(2)).

[23] AS 12.72.020(6).

claim into an application for post-conviction relief.[24]  The court would thus have been correct to dismiss Hout's civil rights claim even if his complaint had alleged defects in his trial that would otherwise entitle him to post-conviction relief.

## V.    CONCLUSION

We AFFIRM the superior court's judgment.

---

[24]    *Cf. McDonald*, 519 P.3d at 351 (affirming dismissal where conversion into an application for post-conviction relief would have been futile because the time to file such an application had expired).