NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| RAND J. HOOKS, JR., | ) | |
| | ) | Supreme Court No. S-18659 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-22-07308 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2046 – September 18, 2024 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Jack R. McKenna, Judge.

Appearances: Rand J. Hooks, Jr., pro se, Anchorage, Appellant. Christopher W. Yandel, Assistant Attorney General, Anchorage, and Treg Taylor, Attorney General, Juneau, for Appellee.

Before: Maassen, Chief Justice, and Borghesan, Henderson, and Pate, Justices. [Carney, Justice, not participating.]

I.    INTRODUCTION

A man was evicted after the superior court ruled against him in a legal dispute over possession of a trailer. We reversed the superior court's decision. The man who had been evicted later sued the State, claiming it was vicariously liable for damages he suffered as a result of the judge's erroneous ruling. This lawsuit was

---

\*    Entered under Alaska Appellate Rule 214.

dismissed for failure to state a viable claim.  We affirm the dismissal.  Because a judge is immune from liability for official actions, neither the judge nor the State on whose behalf the judge acts is liable for injuries resulting from incorrect legal rulings.

## II.    FACTS AND PROCEEDINGS

Rand J. Hooks, Jr. was involved in a legal dispute about ownership of a trailer located in Anchorage.[1]  Superior Court Judge Gregory Miller entered summary judgment against Hooks and later entered a writ of assistance for Hooks's eviction.[2]  Hooks appealed, and we reversed the summary judgment order.[3]

Hooks then sued the State of Alaska, asserting that the State was vicariously liable for injuries caused by Judge Miller's erroneous ruling.  Hooks alleged that as a result of the ruling, he was evicted, suffered loss and damage to his property, and contracted COVID-19.  Hooks sought damages to compensate him for these injuries.

The State moved to dismiss Hooks's action under Alaska Civil Rule 12(b)(6).[4]  The State argued that the judge's rulings were protected by the doctrine of absolute judicial immunity and that the State could not be held vicariously liable for immune acts of its employees.  Hooks did not respond to this motion.  The superior court issued a notice of intent to rule, but Hooks did not file a timely opposition.

The superior court granted the State's motion to dismiss Hooks's claims with prejudice.  Hooks moved for a stay of judgment, which the court denied.

On the same day the court denied the stay, Hooks moved for summary judgment against the State.  In support of his motion Hooks included an affidavit

---

[1]    *Hooks v. Stephan*, No. S-17707, 2021 WL 2351102 (Alaska June 9, 2021).

[2]    *Id.* at *2.

[3]    *Id.* at *2-4.

[4]    *See* Alaska R. Civ. P. 12(b)(6) (authorizing motion to dismiss for "failure to state a claim upon which relief can be granted").

identifying himself as a tribal chief and photocopies of identification cards purporting to show Hooks's citizenship in the "Maipuri Arauan Nation." The superior court ruled that, because the court had already dismissed the suit with prejudice, Hooks's motion would be denied as moot.

Hooks appeals the dismissal of his lawsuit.

## III. DISCUSSION

The superior court dismissed Hooks's claims with prejudice. Although the court did not explain its decision, we presume it agreed with the State's argument that it may not be held vicariously liable for a judge's conduct when that conduct is immune from liability.

Hooks filed suit against the State on a vicarious liability theory, seeking to hold the State liable for legal rulings by one of its judges. But "a government employee's official immunity from suit bars vicarious liability claims against government entities for the same conduct."[5] If Hooks's lawsuit is based on judicial acts that are immune from liability, the State cannot be held liable for these acts either. Therefore we consider whether the judge's actions are protected by immunity.[6]

"Few doctrines [are] more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."[7] Absolute judicial immunity serves dual policy purposes: "protecting the finality of judgments and preserving judicial independence 'by

---

[5] *Christoffersen v. State, Ct. Custody Investigator's Off.*, 242 P.3d 1032, 1036 (Alaska 2010).

[6] "We review de novo an order dismissing a complaint on the basis of Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Larson v. State*, 254 P.3d 1073, 1076 (Alaska 2011) (citing *Pepper v. Routh Crabtree, APC*, 219 P.3d 1017, 1020 (Alaska 2009)).

[7] *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *DeNardo v. Michalski*, 811 P.2d 315 (Alaska 1991) (recognizing absolute judicial immunity under Alaska law).

insulating judges from vexatious actions prosecuted by disgruntled litigants.' "[8] Judicial immunity benefits the public by ensuring that judges are "at liberty to exercise their functions with independence and without fear of consequences."[9]

"Judges are absolutely immune from liability for damages for acts performed in the exercise of their judicial functions."[10] Absolute judicial immunity applies "no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive. Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity."[11]

The actions on which Hooks's damages claims are based are judicial rulings in a lawsuit squarely within the superior court's jurisdiction. The superior court is the trial court of general jurisdiction in Alaska.[12] Its jurisdiction "extends over the whole of the state."[13] It therefore had jurisdiction to decide whether Hooks or the other party to the lawsuit owned a disputed trailer home in Anchorage. And the act of granting a motion for summary judgment against Hooks was a "routine exercise of [the] judge's jurisdiction and authority."[14]

---

[8]  *Lythgoe v. Guinn*, 884 P.2d 1085, 1086-87 (Alaska 1994) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)).

[9]  *Id.* (quoting *Pierson*, 386 U.S. at 554).

[10]  *Christoffersen*, 242 P.3d at 1034 (citing *Trapp v. State*, 53 P.3d 1128, 1129 (Alaska 2002)).

[11]  *Trapp*, 53 P.3d at 1130 (quoting *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

[12]  AS 22.10.020(a).

[13]  AS 22.10.020(b).

[14]  *Weber v. State*, 166 P.3d 899, 900-03 (Alaska 2007) (concluding that claims against trial court judges based on dismissal of previous lawsuits for failure to state claims upon which relief could be granted were barred by judicial immunity).

Nevertheless, Hooks advances several theories why the judge's ruling against him was in "absence of all jurisdiction": (1) the United States Centers for Disease Control (CDC) moratorium on evictions during the COVID-19 pandemic stripped the judge of subject matter jurisdiction to issue a judgment resulting in Hooks's eviction; (2) the judge entered summary judgment against him "without indisputable facts according to law"; (3) the judge "had no jurisdiction to violate the Constitution"; and (4) the judge lacked personal jurisdiction over Hooks because he is a citizen of the Maipuri Arauan Nation. None of these arguments holds water.

The CDC eviction moratorium did not deprive the judge of jurisdiction. The federal government imposed a temporary halt on evictions during the COVID-19 pandemic.[15] Hooks asserts that Judge Miller's ruling against him violated this moratorium. Even if that is true,[16] it would not mean the judge lacked jurisdiction to order an eviction. It would simply mean that the judge committed a legal error. And a judge's legal errors are protected by judicial immunity.[17]

For the same reason, the judge did not act "without all jurisdiction" when granting summary judgment against Hooks, even though that ruling was wrong. We did not rule in Hooks's prior case that the judge violated the Constitution.[18] But even

---

[15]     Temporary Halt in Residential Evictions To Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020).

[16]     There is reason to doubt Hooks's assertion that the judge violated the CDC moratorium. The judge entered summary judgment against Hooks on November 8, 2019, nearly a year before the moratorium went into effect. The judge issued a writ of assistance to enforce the order on January 31, 2020, still many months before the moratorium went into effect. Although a copy of the writ is not in the record of this case, we take judicial notice of the date on which it was issued. *See F.T. v. State*, 862 P.2d 857, 864 (Alaska 1993). Hooks alleged that he was evicted pursuant to the writ after the eviction moratorium went into effect, but it is not apparent from the facts alleged that the judge took any action that violated the CDC moratorium.

[17]     *Trapp v. State*, 53 P.3d 1128, 1130 (Alaska 2002).

[18]     *Hooks v. Stephan*, No. S-17707, 2021 WL 2351102 (Alaska June 9, 2021).

if we had, making an error of constitutional law or violating a litigant's constitutional rights does not amount to acting in "clear absence of all jurisdiction."[19] Hooks's brief cites the Supremacy Clause of the United States Constitution and various provisions of the United States Code.[20] We are lenient when construing the arguments of self-represented litigants.[21] But Hooks offers no explanation for why he thinks these federal laws deprived the superior court of jurisdiction to enter rulings in the property dispute in which he was a party. Therefore this argument is waived for inadequate briefing.[22]

Finally, Hooks's alleged membership in the Maipuri Arauan Nation did not deprive the superior court of jurisdiction. Hooks did not raise this argument to the superior court until after his lawsuit was dismissed, so it was not properly preserved for our review.[23] But even if it was, it would be meritless.

---

[19] *See DeNardo v. Michalski*, 811 P.2d 315, 317 (Alaska 1991) (concluding that even if judge violated litigant's constitutional rights by denying request for jury trial, "it did not strip [the judge] of subject matter jurisdiction and so his immunity [was] unaffected"); *DeNardo v. Cutler*, 167 P.3d 674, 680 (Alaska 2007) ("[J]udges are immune from lawsuit even when they allegedly violate a party's rights."); *see also Weber*, 166 P.3d at 903 (explaining that ruling on motions is "properly within the scope and [is] a routine exercise of a judge's jurisdiction and authority").

[20] Hooks cites the following: 18 U.S.C. § 241 (conspiracy against rights), 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), 18 U.S.C. § 242 (deprivation of rights under color of law), 42 U.S.C. § 1983 (civil action for deprivation of rights), 18 U.S.C. § 3559 (sentencing classification of offenses), 18 U.S.C. § 3571 (sentence of fine), and 42 U.S.C. § 271 (penalties for violation of quarantine laws).

[21] *See Wright v. Anding*, 390 P.3d 1162, 1175 (Alaska 2017).

[22] *See id.* (" '[I]ssues not briefed or only cursorily briefed are considered waived.' Failure to develop an argument constitutes a waiver of that argument, and the argument will be considered abandoned . . . . This is true for pro se litigants as well as represented litigants." (quoting *Shearer v. Mundt*, 36 P.3d 1196, 1199 (Alaska 1992))).

[23] *See Ivy v. Calais Co.*, 397 P.3d 267, 275 (Alaska 2017) ("An argument is ordinarily not preserved for appeal if it was not raised below, or if it was only raised after the party filed a motion for reconsideration." (citations omitted)).

Hooks's argument is similar to the meritless arguments of sovereign citizens who deny the jurisdiction of the courts. Hooks asserts that "Maipuri Arauan nation citizens are not subject to any colorable legal contract or concept without full understanding and acceptance of such agreements, actual or imagined." The notion that an individual is not subject to a court's jurisdiction without the individual's consent is a cornerstone of the sovereign citizen movement.[24] We rejected that argument in *Hout v. State* because it is "antithetical to our form of constitutional democracy."[25] The superior court had personal jurisdiction over Hooks when it presided over the trailer home dispute, notwithstanding Hooks's alleged status as a citizen of a tribal nation.[26] Therefore the judge's rulings in that case are protected by official immunity, and neither the judge nor the State is liable for damages resulting from those rulings.

We recognize that when judges make mistakes, litigants may suffer real harm. The harm resulting from judicial errors is regrettable. But our legal system could not function if judges were subject to liability for mistaken rulings. That is the reason for the doctrine of absolute judicial immunity. Because the State cannot be held liable for judicial acts that are immune, Hooks's damages claims were properly dismissed.

## IV. CONCLUSION

We AFFIRM the judgment of the superior court.

---

[24] *See* Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 MONT. L. REV. 153, 154-55 (2019) ("Most often, Sovereign Citizens contest the United States' jurisdiction over them as federal defendants because they have not consented to that jurisdiction." (citations omitted)).

[25] 538 P.3d 702, 704 (Alaska 2023).

[26] *Bourdon v. State*, 370 P.3d 1116, 1118 (Alaska App. 2016) ("[B]ecause Bourdon's criminal act occurred in Alaska, the superior court had jurisdiction over Bourdon in this criminal matter notwithstanding his alleged status as a Native Alaskan sovereign citizen.").